Ura Bernard LEMON, Sandra Lemon,
Brenda Lemon, William H. Lemon, Jr.,
Tony Lemon, Infants, by their parents
and next friends, William H. Lemon
and Mrs. Nettie J. Lemon, et al.,

v.

The BOSSIER PARISH SCHOOL BOARD
and Emmett Cope, Superintendent
of Schools,
The United States of America,
Intervenor.

Civ. A. No. 10687.

United States District Court
W. D. Louisiana,
Shreveport Division.

April 28, 1965.

Jesse N. Stone, Jr., Shreveport, La.,
Norman C. Amaker, Jack Greenberg, and
John Walker, New York City, for plaintiffs.

J. Bennett Johnston, Jr., Johnston &
Johnston, Shreveport, La., Louis H. Padgett, Jr., Dist. Atty., for the 26th Judicial Dist., Bossier City, La., Jack P. F.
Gremillion, Atty. Gen., of Louisiana,
Baton Rouge, La., William P. Schuler,
Asst. Atty. Gen., of Louisiana, Baton
Rouge, La., for defendants.

Nicholas de B. Katzenbach, Atty. Gen.,
Burke Marshall, Asst. Atty. Gen., St.

John Barrett, Atty., United States Dept. of Justice, Washington, D. C., Edward L. Shaheen, U. S. Atty., Edward V. Boagni, Asst. U. S. Atty., Shreveport, La., for intervenor.

BEN C. DAWKINS, Jr., Chief Judge.

Defendants have moved for a rehearing herein, based upon Article 12, Section 11 of the Louisiana Constitution of 1921, LSA, which reads:

"Municipal or parish school boards and systems now in existence by virtue of special or local legislative acts are hereby recognized, subject to control by and supervision of the State Board of Education, and the power of the Legislature to further control them by special laws."

It is argued from this provision that the State Board of Education was an indispensable party defendant in this proceeding; hence that it should be joined before a valid judgment might be rendered. We do not agree.

 In the first place, it is so fundamental as to require no citation of authority that Constitutional provisions and statutes *in pari materia* should be read together, and all sections accorded equal dignity in interpreting their meaning. Wherever possible, all provisions should be given effect, and each interpreted in light of the others, so as to reconcile them, if possible, and to render none nugatory. Particular provisions shall prevail over those of a general nature.

With these principles in mind, we note that Article 12, Section 4 of the Louisiana Constitution provides in pertinent part:

"The Legislature shall prescribe the duties of said [State] Board [of Education] and define its powers; provided, that said Board *shall not control the business affairs of Parish*

*School Boards,* * * * *" etc. (Emphasis added.)

 Giving full effect to both Section 11 and Section 4, it is obvious that the latter controls here and that with respect to the matter of desegregation of its schools, this forms a part of the "business affairs" of the Bossier Parish School Board, not subject to control or supervision by the State Board. Moreover, whereas Article 12, Section 1 of the Louisiana Constitution formerly required both the State and local boards to maintain segregated schools, this provision was repealed by Act No. 546 of 1962, a constitutional amendment which was duly ratified and adopted by the people of this State on November 6, 1962; and, as noted in our original opinion, all legislative Acts requiring segregation also have been repealed. Consequently, and since operation of segregated schools in Louisiana has been declared to be unconstitutional, Orleans Parish School Board v. Bush, 242 F.2d 156 (5 Cir. 1957) cert. denied, 354 U.S. 921, 77 S.Ct. 1380, 1 L.Ed.2d 1436 (see also Bush v. Orleans Parish School Board, 188 F.Supp. 916 (E.D.La. 1960), aff'd per curiam 365 U.S. 569, 81 S.Ct. 754, 5 L.Ed.2d 806), the State Board here would have no authority whatever to require the Bossier Parish Board to maintain segregation in its schools. In addition, we note that LSA–R.S. 17:81 vests local school boards with particular authority to manage their own affairs, unfettered by the general provisions of Constitutional Article 12, Section 11.

Finally, except for the delay involved, the presence of the State Board as a party defendant here would have made no difference in the applicable law or the decision we have reached.

For these reasons, therefore, the motion for a rehearing, and its appendant motion to dismiss for failure to join an indispensable party, are hereby denied.