LANIER, Judge.
This action is a suit by two state retirement systems seeking a judgment declaring they are entitled to possession of certain funds collected pursuant to state law and which are being held by the state treasurer. Separate suits were filed by the Firefighters’ Retirement System and the Municipal Police Employees’ Retirement System (hereinafter collectively referred to as Systems) against Mary L. Landrieu, Treasurer of the State of Louisiana. These suits were consolidated for trial. The trial court found as a matter of law that 1) funds collected pursuant to La.R.S. 22:1419(A) for the Systems are specifically exempt from the provisions of La.R.S. 49:308.3, 2) these funds are owned by the Systems, are not required by La. Const, of 1974 art. VII, § 9(A)(4) to be deposited into the state treasury and are specifically excluded from the legislative abolition of special funds within the state treasury, and 3) these funds are exempt from legislative abolition and impairment by La. Const, of 1974 art. X, § 29(E). The trial court rendered judgment in favor of the Systems ordering Landrieu to remit $5,273,002 to the Firefighters’ Retirement System and $5,217,515 to the Municipal Police Employees’ Retirement System. Landrieu took this suspensive appeal.
FACTS
The Systems were created for the purpose of providing retirement and other benefits for firefighters and police employees. La.R.S. 33:2152 and 33:2371. Some funds for the Systems are derived from employer and employee contributions. La.R.S. 33:2160 and 33:2380. Other funds for the Systems are derived from insurance company assessments pursuant to La.R.S. 22:1419(A). These assessments are collected by the Insurance Rating Commission (Commission) and deposited with the state treasurer (Landrieu) to the accounts of the Systems.
In July, August and September of 1988, the assessments levied pursuant to La.R.S. 22:1419(A) for the period of July 1, 1987 through June 30, 1988, were collected by the Commission and deposited on a daily basis by the Louisiana Department of Insurance with the state treasurer (Landrieu) into the Bond Security and Redemption Fund of the State of Louisiana. The sum of $6,001,022 was collected by the Commission for the Firefighters’ Retirement System, and the sum of $12,002,288 was collected by the Commission for the Municipal Police Employees’ Retirement System.
La.R.S. 49:308.3, which became effective July 1, 1988, abolished all special funds in the state treasury, except for those funds which were specifically exempted. All bal- *1177 anees of the abolished funds were transferred to the state general fund.
By Act 19 of the 1988 Regular Session, $6,784,772 was appropriated from the state general fund to the Municipal Police Employees’ Retirement System, and $728,103 was appropriated from the state general fund to the Firefighters’ Retirement System. These amounts were received by the Systems from the state treasurer (Lan-drieu) on December 13, 1988.[1]
In January of 1989, the state treasurer (Landrieu) refused to remit the funds deposited by the Commission for the 1988 accounting year to the accounts of the Systems in accordance with La.R.S. 22:1419(A), asserting that such funds were abolished by La.R.S. 49:308.3.
This suit followed.
RETIREMENT SYSTEM FUNDS AND EXEMPTION FROM LEGISLATIVE ABOLITION
(Assignments of error numbers 1, 2 and 3)
Landrieu contends the trial court erred in finding 1) the funds collected pursuant to La.R.S. 22:1419(A) are retirement funds and are not required by La.Const. of 1974 art. VII, § 9(A)(4) to be deposited into the state treasury; and 2) the Systems’ accounts are exempted from legislative abolition by La.R.S. 49:308.3(B) and La.Const. of 1974 art. X, § 29(E)(5).
La.R.S. 22:1419(A) states, in pertinent part, the following:
... An expense fund in the amount so determined by the commission shall be provided by all insurers doing business in this state and subject to this Part, by the payment of an assessment to be levied against them by the commission in proportion to their gross direct premiums received in this state in the preceding year, less returned premiums. No such assessment shall exceed one percent of such premiums. Regardless of the percentage assessed by the commission, an amount equal to four-tenths of one percent of the gross direct premiums received in this state, in the preceding year, by insurers doing business in this state and subject to this Part, less returned premiums shall be deposited by the commission with the state treasurer to the account of the Municipal Police Employees’Retirement System, ... and an amount equal to two-tenths of one percent of the gross direct premiums received in this state, in the preceding year, by insurers doing business in this state and subject to this Part, less returned premiums shall be deposited by the commission with the state treasurer to be paid to the account of the Firefighters’ Retirement System.
[[Image here]]
(Emphasis added)
La.Const. of 1974 art. VII, § 9(A)(4) states the following:
(A) Deposit in State Treasury. All money received by the state or by any state board, agency, or commission shall be deposited immediately upon receipt in the state treasury, except that received:
[[Image here]]
(4) by retirement system funds;
[[Image here]]
La.R.S. 49:308.3 provides, in pertinent part, as follows:
A. Notwithstanding any other law to the contrary and except as provided by the Constitution of Louisiana and Subsection B of this Section, all special funds in the state treasury are abolished and any and all laws of the state which dedicate or otherwise provide for the use of money required by the Constitution of Louisiana to be deposited in the state treasury are superseded on the effective date of this Section. The treasurer is therefore authorized and directed to transfer the balances of the abolished funds and deposit them into the general fund. Notwithstanding laws requiring certain money to be deposited in and credited to such abolished special funds, the treasurer, *1178 upon receipt of such money, and after compliance with the requirements of Article VII, Section 9(B) of the constitution relative to the Bond Security and Redemption Fund, shall deposit the money in and credit it to the general fund. All interest earned on investment of the money shall be deposited in and credited to the general fund.
B. This Section shall not apply to or affect the laws which dedicate or otherwise provide for the use of the following money or the laws which provide for the following special funds in the state treasury:
(1) Special funds or dedications of money established in or protected by the Constitution of Louisiana or special funds containing money not required by the constitution to be deposited in the state treasury.
[[Image here]]
(Emphasis added)
La. Const, of 1974 art. X, § 29(E)(5) provides as follows:
All assets, proceeds, or income of the state and statewide public retirement systems, and all contributions and payments made to the system to provide for retirement and related benefits shall be held, invested as authorized by law, or disbursed as in trust for the exclusive purpose of providing such benefits, refunds, and administrative expenses under the management of the boards of trustees and shall not be encumbered for or diverted to any other purpose. The accrued benefits of members of any state or statewide public retirement system shall not be diminished or impaired. Future benefit provisions for members of the state and statewide public retirement systems shall only be altered by legislative enactment.
(Emphasis added)
Constitutional provisions are to be construed and interpreted by the same rules as are other laws. City of New Orleans v. Scramuzza, 507 So.2d 215 (La.1987); Aguillard v. Treen, 440 So.2d 704 (La.1983).
In Bunch v. Town of St. Francisville, 446 So.2d 1357, 1360 (La.App. 1st Cir.1984), the general rules for the interpretation of laws are set forth as follows:
When a law or ordinance is clear and free from all ambiguity, it must be given effect as written. ...
When interpreting a law (ordinance), the court shall give it the meaning the lawmaker intended. It is presumed that every word, sentence or provision in the law was intended to serve some useful purpose, that some effect is to be given to each such provision, and that no unnecessary words or provisions were used. Conversely, it will not be presumed that the lawmaker inserted idle, meaningless or superfluous language in the law or that it intended for any part or provision of the law to be meaningless, redundant or useless. The lawmaker is presumed to have enacted each law with deliberation and with full knowledge of all existing laws on the same subject. The meaning and intent of a law is to be determined by a consideration of the law in its entirety and all other laws on the same subject matter, and a construction should be placed on the provision in question which is consistent with the express terms of the law and with the obvious intent of the lawmaker in enacting it. Where it is possible to do so, it is the duty of the courts in the interpretation of laws to adopt a construction of the provision in question which harmonizes and reconciles it with other provisions. A construction of a law which creates an inconsistency should be avoided when a reasonable interpretation can be adopted which will not do violence to the plain words of the law and will carry out the intention of the lawmaker.
[[Image here]]
When the expressions of a law are “dubious”, the most effectual way of discovering the true meaning of the law is to consider the reason and spirit of it, or the cause which induced the lawmaker to enact it.... When a law is susceptible to two or more interpretations, that which affords a reasonable and practical *1179 effect to the entire act is to be preferred over one which renders part thereof redi-culous or nugatory.... If there is an irreconcilable conflict between the provisions of a law, only one provision can prevail.
See also Achee v. Louisiana State Employees’ Retirement Board, 527 So.2d 1116, 1118-1119 (La.App. 1st Cir.1988); Notoriano v. Anthony, 527 So.2d 1120, 1121-1122 (La.App. 1st Cir.1988).
The trial court in its reasons for judgment stated the following:
La.R.S. 22:1419(A) enacted in 1987 provided for an assessment to be levied against insurance companies doing business in Louisiana. The act provides that an amount equal to four tenths of one percent of the gross direct premiums received in this state be deposited by the Insurance Rating Commission into the state treasury to the account of the Municipal Police Employees’ Retirement System. The act further provides that an amount equal to two-tenths of one percent of all premiums be collected for deposit into the account of the Firefighters’ Retirement System. Pursuant to that act, funds were collected, deposited into the state treasury and then remitted by the State Treasur [sic] directly into the Firefighters and Police Retirement Systems. Pursuant to La.R.S. 22:1419(A) the chairman of the State Insurance Rating Commission collected $6,001,135.00 for the Firefighters’ Retirement System and $12,002,288.00 for the Police Retirement System. (See stipulation.) [2] Prior to the remittance of these funds to the systems, the Louisiana Legislature enacted Act 5 of the First Extraordinary Session of 1988, La.R.S. 49:308.3, abolishing all special funds in the state treasury. Pursuant to the act, defendant has refused to remit the full amounts collected for the systems for 1988. (See stipulation on amount remitted.)
La.R.S. 49:308.3 abolished certain dedicated funds in the state treasury and exempting funds protected by the constitution. The act provides in part:
Sec. 308.3. Special Funds and Dedication of Money
A. Notwithstanding any other law to the contrary and except as provided by the constitution of Louisiana and Subsection B of this Section, all special funds in the state treasury are abolished and any and all laws of the state which dedicate or otherwise provide for the use of money required by the Constitution of Louisiana to be deposited in the state treasury are superseded on the effective date of this section ...
B. This Section shall not apply to or affect the laws which dedicate or otherwise provide for the use of the following money or the laws which provide for the following special funds in the state treasury:
(1) Special funds or dedications of money established in or protected by the Constitution of Louisiana or Special funds containing money not required by the constitution to be deposited in the state treasury.
The funds in question are specifically excluded in La.R.S. 49:308.3(B) from the funds abolished. The statute states that any monies not required to be deposited into the state treasury by the constitution are excluded from those abolished. La.Const. Art. 7 Sec. 9 states:
Sec. 9. State Funds
A. DEPOSIT IN STATE TREASURY. All money received by the state or by any state board, agency or commission shall be deposited immediately upon receipt in the state treasury, except that received:
[[Image here]]
(4) by retirement system funds;
Section 9(A)(4) specifically excludes those funds received by retirement system funds from those required to be deposited into the state treasury. The legislature decided with the enactment of *1180 La.R.S. 22:1419 that the monies would be deposited into the state treasury but Article 9 of the Louisiana Constitution does not require the deposit with the State Treasurer. Since La.R.S. 49:308.3(B)(1) specifically excludes money not required to be deposited with the treasurer by the constitution, the two funds in question are exempted from the legislative abolition of the special funds within the state treasury.
The retirement funds are further exempted from legislative abolition by La. Const. Art. 10, Sec. 29(E)(5). That article provides in part:
“The accrued benefits of members of any state or statewide public retirement system shall not be diminished or impaired.”
The abolition of special funds in the state treasury deposited by the Insurance Rating commission [sic] for the Firefighters Retirement Systan [sic] and Municipal Police Employees’ Retirement System is in derogation of Article 10 of the Louisiana Constitution. Article 10 of the Constitution prevents legislative impairment of retirement funds. Additionally, that the funds were not required to be deposited with the state treasurer under Article 7 of the Constitution. Since La.R.S. 49:308.3(B)(1) exempts these funds, we hold that the amounts collected for the funds for the fiscal year 1988 should be remitted to the systems. (Footnote added)
After a review of the record, we find the trial court was correct as a matter of law. See Louisiana State Employees’ Retirement System v. State, Department of Justice, 423 So.2d 73 (La.App. 1st Cir.1982), writ denied, 427 So.2d 1206 (La.1983).
These assignments of error are without merit.
REMITTANCE OF SYSTEMS’ FUNDS BY STATE TREASURER
(Assignments of error numbers 4 and 5)
Landrieu contends the trial court erred by ordering her to release the funds without an appropriation of the legislature, as provided for in La.Const. of 1974 art. Ill, § 16(A) and art. VII, § 10(A) or art. XII, § 10(C).
La.Const. of 1974 art. Ill, § 16(A) provides as follows:
Specific Appropriation for One Year. Except as otherwise provided by this constitution, no money shall be withdrawn from the state treasury except through specific appropriation, and no appropriation shall be made under the heading of contingencies or for longer than one year.
(Emphasis added)
La.Const. of 1974 art. VII, § 10 deals with the expenditure of state funds. Section 10(A) provides as follows:
Appropriations. Except as otherwise provided by this constitution, money shall be' drawn from the state treasury only pursuant to an appropriation made in accordance with law.
(Emphasis added)
The above provisions pertain to withdrawal of state funds from the state treasury and require a legislative appropriation for such action. These provisions are not controlling in this case because the funds in question are the Systems’ funds, and not state funds. See State Employees’ Retirement System v. State, Department of Justice, 423 So.2d at 75. The Systems’ funds are not required to be deposited in the state treasury; therefore, no appropriation is needed to remove these funds from the state treasury. La.Const. of 1974 art. VII, § 9(A)(4). Pursuant to La.R.S. 22:1419(A), the state treasurer is merely a conduit through which the Systems’ funds are transmitted from the Commission to the Systems.
La.Const. of 1974 art. 12, § 10(C) provides the following:
Procedure; Judgments. The legislature shall provide a procedure for suits against the state, a state agency, or a political subdivision. It shall provide for the effect of a judgment, but no public property or public funds shall be subject to seizure. No judgment against the state, a state agency, or a political subdivision shall be exigible, payable, or paid *1181 except from, funds appropriated therefor by the legislature or by the political subdivision against which judgment is rendered.
(Emphasis added)
This provision deals with the appropriation by the legislature or a political subdivision of funds owned by the state or the political subdivision to pay judgments against the state or political subdivision. See Felix v. State Paul Fire and Marine Insurance Company, 477 So.2d 676 (La.1985). In the instant case, the trial court ordered Lan-drieu to remit the Systems’ funds (not state funds) to the Systems. Since the judgment in this case does not pertain to state funds, La.Const. of 1974 art. 12, § 10(C) is not applicable, and a legislative appropriation is unnecessary. The trial court did not err in ordering Landrieu to remit these funds to the Systems.
These assignments of error are without merit.
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. Landrieu is cast for all costs in the amount of $360.10.
AFFIRMED.

. The trial court judgment grants Landrieu a credit for the amounts already remitted to the Systems pursuant to Act 19 of the 1988 Regular Session.

. The stipulation states that the Commission collected $6,001,022 for the Firefighters’ Retirement System. The trial court incorrectly used $6,001,135 in its judgment and reasons for judgment. Neither party has raised this error on appeal.