Dear Gen. Patin:
You have requested this office to reconsider Attorney General Opinion No. 94-267 which concluded that monies from the Transportation Trust Fund ("TTF") could not be used by the Department of Transportation and Development ("DOTD") to provide twenty (20%) percent matching funds in order to obtain eighty (80%) percent federal funding under the Federal Off-System Bridge Replacement Program ("Program"). The Program, which is federally mandated, provides funding for repairs to, and replacement of, public bridges that are not on the federal aid program. While eligible bridges may fall within the federal and state systems, others are clearly off-system.
In your request for reconsideration, you state that additional facts have surfaced that merit further consideration. You note that federal rules and regulations, under which the Program is established and administered, require that funds be distributed for all eligible bridges on a priority basis, regardless of whether they are on or off-system. In other words, funds must be allocated to off-system bridge replacement and repair. The State's failure to conform to this federal mandate could result in the imposition of federal sanctions, including the forfeiture of federal funding for, not only this, but many other federal programs.
This office is cognizant of the serious dilemma facing the State of Louisiana. The unavailability of funding for off-system bridge repair and replacement from other state and local sources will, obviously, result in a serious threat to the welfare and safety of the citizens of this State who must traverse off-system roads and bridges.
As correctly noted in Opinion No. 94-267, the issue presented herein is controlled by Article VII, Section 27 of the Louisiana Constitution of 1974. It established within the State Treasury the TTF, effective January 1, 1990. Section 27(B) provides, in pertinent part, with regard to the permissible uses of said Fund, the following:
 "The monies in the trust fund shall be appropriated or dedicated solely and exclusively for the costs for and associated with construction and maintenance of the roads and bridges of the state and federal highway systems. . . ."
Of equal importance is Section 27(A) which provides, with regard to the deposit of the federal funds in question, the following:
 "All monies appropriated by the Federal Highway Administration and the Federal Aviation Administration or their successors, either reimbursed or paid directly, shall be paid directly or deposited in and credited to the trust fund."
In this regard, this office has previously held that these federal funds are a source of revenue to the TTF and do not simply flow through the TTF back to the DOTD. Attorney General Opinion No. 90-22.
In construing the above provisions, as they relate to the issue at hand, we believe the following jurisprudential and statutory rules of constitutional construction and interpretation to be applicable:
Constitutional provisions are construed and interpreted by the same rules as are other laws. City of New Orleans v. Scramuzza,507 So.2d 215 (La. 1987); P G Retailers, Inc. v. Wright,590 So.2d 1272 (La.App. 1st Cir. 1991), Rehearing Denied; andFirefighters' Retirement System v. Landrieu, 572 So.2d 1175
(La.App. 1st Cir. 1990), Writ Denied.
In construing constitutional provisions, one should ascertain and give effect to the intent of both the framers and the people who adopted it, and should, therefore, consider the object sought to be accomplished by the adoption of the provision. Board ofCommissioners of Orleans Levee District v. Department of NaturalResources, 496 So.2d 281 (La. 1986).
Constitutional provisions, no less than any other laws, should be construed so as to give effect to the purpose indicated by a fair interpretation of the language used, and in the event of a conflict or inconsistency, provisions should be construed, if possible, to allow each to stand and be given effect. Eiche v.Louisiana Board of Elementary and Secondary Education, 582 So.2d 186
(La. 1991).
In interpreting a constitutional article, one is not bound by the literal interpretation, where it would lead to absurd conclusions or a plain violation of the spirit and purpose of the enactment. The real purpose and intent of a constitutional provision, as determined from a consideration of all its component sections and paragraphs, must prevail over a literal meaning which would assign an effect contravening the primary purpose and intent thereof. In re Coon, 141 So.2d 112 (La.App. 1st Cir. 1962), Cert. Denied.
The provisions of a subdivision of one section of the Constitution must be read in connection with all other provisions of the subdivision of which it forms a part to the end that constitutional provisions in pari materia should be read together, and all sections accorded equal dignity in interpreting their meaning. Lemon v. Bossier Parish School Board,240 F. Supp. 743; and State, ex rel. Kemp v.City of Baton Rouge, 40 So.2d 477,215 La. 315. (1949), Rehearing Denied.
As previously noted, while Section 27(B) appears to limit the use of TTF monies to bridges of the state and federal highway systems, Section 27(A) requires federal reimbursement funds to be deposited in the TTF. As previously opined, these funds constitute a source of revenue for the TTF.
Federal regulations mandate that these capital program funds be expended for off-system bridges. DOTD has done just that since the inception of the TTF. An interpretation of Section 27 which prohibits the use of TTF monies for off-system bridges would (1)
be in direct conflict with mandatory federal rules and regulations; (2) fail to accord equal dignity to Section 27(A) of the Constitution, thereby ignoring the axiomatic principle that constitutional provisions in pari materia be read together; (3)
lead to the impractical result of having federal funds available for bridge repair and/or construction in the TTF, but being unable to expend same; and (4) result in probable federal sanctions, including the forfeiture of federal funding for this and other programs.
One could argue that the possible inconsistencies contained in Paragraphs (A) and (B) of Section 27 result in a constitutional ambiguity. Assuming, arguendo, this to be the case, the interpretation of those charged with the administration of a constitutional provision over a period of time is accorded great weight. State ex rel. Singlemann v. Morrison, 57 So.2d 238
(La.App. Orleans Cir. 1952), Writ Denied. In this regard, we have been advised by representatives of DOTD that, since the inception of the TTF, Section 27 has been interpreted to allow the use of state funds for the twenty (20%) percent match for the Program.
We concur in this interpretation, finding it to be consistent with the interpretative axiom that all component sections and subdivisions of the Constitution must be considered to ascertain its real purpose, especially when a literal meaning results in contravening the true intent. We further believe that the use of state funds for off-system bridges, as federally mandated, is not violative, but rather consistent with the purposes envisioned by the framers and the electorate who adopted Section 27 — to enable the people of this state to safely traverse our bridges and roads.
You further note in your request for reconsideration that some DOTD employees perform a portion of their duties in direct and indirect support of the Program. (e.g., bridge inspectors, design engineers, contract administrators, auditors, etc.) You state that the salaries of these individuals have historically been funded from the TTF. You ask whether this is permissible.
It is the opinion of this office that the salaries of the aforementioned DOTD employees are legitimate costs for and associated with the Program. Accordingly, they may be paid from the TTF.
In summary, it is the opinion of this office that, considering the additional information presented in your request for reconsideration of Opinion No. 94-267, DOTD may utilize TTF monies to provide the twenty (20%) percent matching funds under the Federal Off-System Bridge Replacement Program. In addition, TTF monies may be used to pay the salaries of those DOTD employees who administer the Program.
We believe the need exists for a constitutional amendment to revise Article VII Section 27 to clear up the ambiguities contained therein. This office will be available to work with you and others in drafting this revision.
Attorney General Opinion No. 94-267 is recalled only to the extent that it conflicts with the opinions
Trusting this adequately responds to your inquiries, I am
Very truly yours,
 RICHARD P. IEYOUB
Attorney General