Dear Mr. Henson:
You requested the opinion of this office concerning the Employment Security Administration Fund (the "Fund"). As you advised, La.R.S. 23:1513 established a special, segregated account within the Fund known as the Penalty and Interest Account (the "Account"). Your question is whether the monies received and deposited into the Account, and the earnings thereon, are "state funds" such that the balance existing at the end of any fiscal year reverts or lapses to the general fund?
R.S. 23:1513 provides in pertinent part as follows:
 A. (1) There is hereby created in the employment security administration fund an account which shall be known as the penalty and interest account. All interest, fines, and penalties, regardless of when the same became due and payable, collected from employers . . . shall . . . be paid into this account and shall at no time be considered to be a part of the unemployment compensation fund.
 * * *
 B. All monies in this account shall be deposited, administered, and disbursed, in the same manner and under the same conditions and requirements as is provided by law for other monies in the employment security administration fund
except that monies in this account shall not be commingled with other funds, but they shall be maintained in a separate account in the books of the depository. Any balances in this account shall not lapse at any time, but shall be continuously available for expenditure . . ." (Emphasis added)
The phrase "any balances in this account shall not lapse at any time" must refer to the procedures set forth in La.R.S. 39:82, which provide for the reversion of cash balances to the state general fund for which no bona fide liability exists on the last day of the fiscal year. Accordingly, it is the opinion of this office that the balance in the Account at the close of the fiscal year does not revert to the State general fund.
Your second question is, if the balance does not revert to the State general fund, are there any approvals required by, or procedures involving other state officials or agencies or offices necessary for the balances of these monies to remain in the Account and not be transferred to the general fund at the end of each fiscal year?
We are not aware of any approvals or procedures which must be obtained or followed in order for the money to remain in the Account.
Your third question is, if the balance does not revert to the State general fund, are the monies in this Account otherwise subject to the provisions of Article III, Section 16(A) and Article VII, Section 10 of the Louisiana Constitution?
We call your attention to Op.Atty.Gen. 95-247, in which this office held that moneys collected and deposited in the Fund are not required to be deposited in the state treasury, and thus, no appropriation is required to withdraw the monies from the Fund. As the Account is within the Fund, those monies are not subject to appropriation.
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ MARTHA S. HESS Assistant Attorney General
RPI/MSH Enclosure
OPINION NUMBER 95-247
JUNE 19, 1995
90-A-1 PUBLIC FUNDS 15-A CONSTITUTIONAL LAW
La. Const. Art. VII, § 9; Art. VIII, § 16(A); Art. VII, § 10(C); R.S. 23:1532.1
Monies collected and deposited in the employment security administration fund are not required to be deposited in the state treasury and, thus, no appropriation is required to withdraw the monies from the Fund.
Ms. Gayle F. Truly, Secretary Department of Labor P.O. Box 94094 Baton Rouge, LA 70804-9094
Dear Ms. Truly:
You requested the opinion of this office concerning two questions, namely:
1. Are monies or proceeds collected and deposited in the employment security administration fund exempt from appropriation and approval for expenditure by the Legislature under LSA-Const. Art. 7, § 9?
2. Are special assessment payments credited to a special account of the employment security administration fund or its successor under LSA-R.S.23:1532.1(B)(2) exempt from appropriation and approval for expenditure by the Legislature?
In answer to both of your questions, Article VII, Section 9(A) of the Louisiana Constitution provides in pertinent part that "[a]ll money received by the state or by any state board, agency, or commission shall be deposited immediately upon receipt in the state treasury, except that received . . . by the employment security administration fund or its successor . . ." Thus, the monies deposited into or credited to the Employment Security Administration Fund are not required to be deposited in the state treasury. The provisions of Article III, Section 16(A) and Article VII, Section 10(C), which prohibit monies from being withdrawn from the state treasury except through an appropriation, are inapplicable to monies which are not in the state treasury. See, Firefighters' Retirement System v.Landrieu, 572 So.2d 1175 (La.App. 1st Cir. 1990).
Trusting this adequately responds to your request, I remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: _______________________ MARTHA S. HESS Assistant Attorney General
RPI:MSH: jv/95-247/truly.lab