WELCH, J.
I «This appeal concerns the Board of Tax Appeals’ (“BTA”) sustaining of a declinato-ry exception raising the objection of lack of subject matter jurisdiction that resulted in the dismissal of a taxpayer’s petition seeking a refund of taxes paid under protest. For the following reasons, we reverse the BTA’s dismissal of the taxpayer’s petition and find that the BTA has subject matter jurisdiction over the dispute herein.
FACTUAL AND PROCEDURAL HISTORY
Assessments by the Commissioner of Insurance
Louisiana Revised Statutes 22:1476(A)(1) requires the Commissioner of Insurance for the Louisiana Department of Insurance (“Commissioner”) to levy Louisiana Insurance Rating (“LIR”) assessments against insurers doing business in the state in proportion to their gross direct premiums received in the state in the preceding year, less returned premiums. The LIR assessments are in the nature of a tax. See Audubon Ins. Co. v. Bernard, 434 So.2d 1072, 1075 (La. 1983).
A certain percentage of revenue generated by LIR assessments is deposited by the Commissioner with the state treasurer to be credited to a special fund created in the state treasury entitled the Municipal Fire and Police Civil Service Operating Fund. La. R.S. 22:1476(A)(2) The legislature has established the manner in which the funds are distributed amongst the retirement systems to meet actuarial requirements and other obligations. La. R.S. 22:1476(A)(3); see also Louisiana Municipal Association v. State, 2004-0227 (La. 1/19/05), 893 So.2d 809, 830. Under La. R.S. 22:1476(A)(2), monies in the fund shall be invested by the state treasurer in the *771 same manner as monies in the state general fund and interest earned on investment of these monies shall be credited to the state general fund. All unexpended and unencumbered monies in the fund at the end of the | «¡fiscal year shall revert to the state general fund. La. R.S. 22:1476(A)(2) and (4).[1]
Pursuant to La. R.S. 22:1476, the Commissioner assessed Security Plan Fire Insurance Company (“Security”) with $134,483.57 in taxes, representing LIR assessments for 2014 and corrected assessments for 2012 and 2013 (collectively referred to herein as “assessments”). In a letter dated August 6, 2014, the Commissioner classified an LIR assessment as a tax and informed Security that it had the right to appeal the assessment by filing a petition with the BTA. Also, attached were LIR payment coupons, which also, set forth the taxpayer’s right to appeal to the BTA and referred Security to the provisions of La. R.S. 47:1431 et seq,
On August 21, 2014, Security remitted payment for the three assessments to the Department of Insurance under protest and requested a refund. Security' asserted that as an industrial fire company, it was not statutorily required to pay LIR assessments. Security’s letter accompanying the payments noted that should the Department fail to refund said payments by August 29, 2014, Security would prosecute its appeal with the BTA.
Determination of the Board of Tax Appeals
The Department did not refund Security’s payments, and on August 29, 2014, Security filed a “Petition to Review Denial of Tax Assessment Refund” with the BTA. The petition alleged that the BTA had jurisdiction “over this matter | involving the determination of an overpayment or refund of a tax assessment pursuant to La. R.S. 47:1407(1).” Security named the Commissioner as the defendant. Attached to the petition was a letter dated August 6, 2014, wherein the Commissioner informed Security that it had the right to appeal the assessment by filing a petition with the BTA, as well as the LIR payment coupons that referred to the taxpayers appeal rights under La. R.S. 47:1431 et seq.
Despite having directed Security to file any appeal associated with the payment of the assessments with the BTA, on May 19, 2015, the Commissioner filed a declinatory exception with the BTA raising the objection of lack of subject matter jurisdiction, and a peremptory exception raising the objection of the failure to join parties needed for a just adjudication. In his per-eihptory exception, the Commissioner alleged that the retirement systems that were recipients of the LIR assessments were necessary parties. In his exception of *772 lack of subject matter jurisdiction, the Commissioner maintained that the BTA did not have jurisdiction in the instant matter because the Commissioner was not a “state collector” under La. R.S. 47:1418 as amended by the legislature in 2014. Further, the Commissioner noted that under the version of La. R.S. 47:1431 in effect at that time, a petition could only be filed against a “state collector,” which excluded the Commissioner. Finally, the Commissioner argued that Security’s petition sought recovery under the payment under protest procedure, which is governed by La. R.S. 47:1576. Louisiana Revised Statutes 47:1576 requires the Secretary of the Department of Revenue to be the “sole necessary and proper party defendant in any such suit;” therefore, according to the Commissioner no such action can be brought against him.
A hearing on the Commissioner’s exceptions was held by the BTA on August 13, 2015. At that time, the parties stipulated that they did not dispute that RLIR assessments are a tax. Further, counsel for the Commissioner acknowledged the documents instructed Security to appeal to the BTA; however, that position was subsequently re-evaluated and it was determined that the BTA lacked subject matter jurisdiction over the matter.
In a judgment signed January 14, 2016, the BTA sustained the exception raising the objection of lack of subject matter jurisdiction and dismissed Security’s petition. The BTA’s determination hinged on its finding that the Commissioner was not a recognized “collector” under Title 47; thus, there was no jurisdiction to hear such a claim. Specifically, the BTA found that the version of La. R.S. 47:1431, in effect at that time, it heard and decided the matter referred to a taxpayer aggrieved by “the collector’s action or failure to act on a claim for refund.” [Emphasis added.] The BTA found that “the collector” was not the Commissioner, based on the definition in La. R.S. 47:1501(A), which states, in pertinent part, “The terms ‘collector,’ ‘collector of revenue,’ ‘secretary,’ or ‘secretary of revenue,’ when used in this Title, mean the secretary of the Department of Revenue for the state of Louisiana.” Finally, the BTA found that it only had jurisdiction to hear claims from “the collector’s” disallowance of refund claims as provided by La. R.S. 47:1625, or if there has been more than one year of inaction from “the collector” following submission by the taxpayer. Noting no disallowance or inaction by “the collector” had occurred, the BTA identified this deficiency as an additional ground to support sustaining the exception of lack of subject matter jurisdiction.[2]
One BTA member concurred and assigned additional reasons to address the unique facts of this case. He noted that Security had filed its appeal with the BTA |fias instructed by the written notice it received from the Commissioner. According to the BTA member, the notice that the Commissioner provided to Security mirrored the language used on tax assessments by the state’s other tax collectors (Department of Revenue, Office of Motor Vehicles, and Alcohol and Tobacco Control). The BTA member asserted that, as to those agencies, the BTA was granted specific statutory authority to hear appeals, apparently referring to La. R.S. 47:1418(7). He commented that in this case, as to the Commissioner, there was no specific grant of authority. The BTA member added that the lack of any procedural provisions or appeal process in this case *773 was a significant gap in the law in the Insurance Code because “hundreds of millions of dollars of taxes” were imposed under the Insurance Code and collected by the Commissioner.
Security has appealed the January 14, 2016 ruling of the BTA, and challenges only the sustaining of the Commissioner’s exception of lack of subject matter jurisdiction.[3]
LAW & DISCUSSION
Subject matter jurisdiction is the legal power and authority of a tribunal to adjudicate a particular matter involving the legal relations of the parties and to grant the relief to which the parties are entitled. La. C.C.P. arts. 1 and 2; City of Denham Springs v. Perkins, 2008-1937 (La.App. 1st Cir. 3/27/09), 10 So.3d 311, 318, writ denied, 2009-0871 (La. 5/13/09), 8 So.3d 568. Parties may not confer subject matter jurisdiction on any tribunal by mutual agreement. See La. C.C.P. art. 3; Canal/Claiborne, Ltd. v. Stonehedge Development, LLC, 2014-0664 (La. 12/9/14), 156 So.3d 627, 632. Whether a tribunal has subject matter jurisdiction over a case is subject to a de novo review. See In re D.C.M., 2013-0085 (La.App. 1st Cir. 6/11/13), 170 So.3d 165, 169, writ denied, 2013-1669 (La. 7/17/13), 118 So.3d 1102.
The rules of statutory construction are designed to ascertain and enforce the intent of the legislature. M.J. Farms, Ltd. v. Exxon Mobil Corp., 2007-2371 (La. 7/1/08), 998 So.2d 16, 26. It is a fundamental principle of statutory interpretation that “[w]hen a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written, and no further interpretation may be made in search of the intent of the legislature.” La. C.C. art. 9. When the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law, and the words of law must be given their generally prevailing meaning. La. C.C. arts. 10 and 11.
It is also well established that the legislature is presumed to enact each statute with deliberation and with full knowledge of all existing laws on the same subject. O’Hara v. Globus Med., Inc., 2014-1436 (La.App. 1st Cir. 8/12/15), 181 So.3d 69, 84, writ denied, 2015-1944 (La. 11/30/15), 182 So.3d 939. Thus, legislative language will be interpreted on the assumption that the legislature was aware of existing statutes, well established principles of statutory construction and with knowledge of the effect of their acts and purpose in view. M.J. Farms, Ltd. v. Exxon Mobil Corp., 998 So.2d at 27.
Louisiana Revised Statutes Establishing the Jurisdiction of the Board of Tax Appeals
The only issue before this court is whether the BTA has subject matter jurisdiction to hear Security’s petition against the Commissioner, which is an issue of first impression. Therefore, we begin our inquiry by reviewing the statutory provisions governing the jurisdiction of the BTA.
| ¡Article VII, § 1 of the Louisiana Constitution vests the power of taxation in the legislature, and Article VII, § 3(A) mandates the legislature to “provide a complete and adequate remedy for the prompt recovery of an illegal tax paid by a taxpayer.” To fulfill its latter obligation, the legislature has provided three reme *774 dies to taxpayers: (1) the Claims Against the State procedure, La. R.S. 47:1481— 1486; (2) the Payment Under Protest procedure, La. R.S. 47:1676; nd (3) the Overpayment Refund procedure, La. R.S. 47:1621-1627. St. Martin v. State, 2009-0935 (La. 12/1/09), 26 So.3d 736, 738.
The statutes establishing and governing the BTA are contained in Chapter 17 of Title 47 of the Louisiana Revised Statutes (“Chapter 17”). Relevant to our analysis herein are the amendments under La. Acts 2016, No. 335 to Chapter 17 by the, legislature in 2016, which the legislature has expressly directed to be applied retroactively. As demonstrated below, amendments to Chapter 17 evidence a clear intent by ,the legislature to clarify the subject matter jurisdiction of. the BTA. We note from the outset that many of the amendments to the statutes were not in effect at the time that the BTA heard this matter in August of 2015 and ruled on this matter in January of 2016. The impact of these modifications is set forth below in an overview of the statutes governing the subject matter of the BTA.
Also, relevant to the instant matter is La. R.S. 47:1407, which establishes the jurisdiction of the BTA and provides, in relevant part, as follows:
The jurisdiction of the board shall extend to the following:
(1) All matters relating to appeals for the redetermination of assessments, or for the determination of over-payments, or payment under protest petitions, as provided in R.S. 47:1431 through 1438.[4] [Emphasis added.]
.Louisiana Revised Statutes 47:1431(A) and (B), which address the manner I Bthat a taxpayer files a petition with the BTA for redetermination, overpayment, and payment under protest, provide:
A. Whenever a taxpayer is aggrieved by an assessment made by a state collector, or by a state collector’s action or failure to act on a claim for refund or credit of an overpayment, such taxpayer may appeal to the board for a redeter-mination of the'asses'sment or a determination of the alleged overpayment, by filing a petition with the board within the respective periods set forth in R.S. 47:1565, 1566, 1625, or other applicable law.
B, If a taxpayer has complied with the provisions of R.S.. 47:337.63 [concerning local tax collectors] or 1576, the taxpayer may file a payment under protest petition with the board within the respective periods set forth therein. [Emphasis added.]
Louisiana Revised Statutes 47:1431 was amended by La. Acts 2016, No. 335, and the phrase “the state collector” was changed to “a state collector.” Importantly, Section 3 of 2016 La. Acts, No. 335 states that “[t]he provisions of this Act amending La. R.S,.. 1431 ... [are] procedural and interpretative and shall be effective on the effective date of Acts No. 640 of the 2014 Regular Session of the Legislature.” The effective date of 2014 La. Acts, No. 640 was June 12, 2014. Thus, retroac-tivity of the 2016 amendments to La. R.S. 47:1431 indicate the legislature’s intent to recognize that the BTA’s jurisdiction includes not just claims for overpayment, refund, and payment under protest brought against the “the collector” (i.e. the secretary of the Department of Revenue), but, that the BTA’s jurisdiction also includes other “state collectors.”
*775 The determination herein focuses on whether the legislature has deemed the Commissioner “a state collector” for purposes of triggering jurisdiction under La. R.S. 47:1407(1). Louisiana Revised Statutes 47:1418 contains definitions for Chapter 17, and states in relevant part:
For purposes of this Chapter, except when the context requires otherwise, the words and expressions defined in this Section shall have the following meanings.
[[Image here]]
| in(2) “Collector” means the state collector or a local collector, unless specified otherwise.
[[Image here]]
(7) “State collector” means any of the following:
(a) The secretary of the Department of Revenue, including the secretary’s duly authorized assistants, when used in reference to any tax or fee administered by the department.
(b) The assistant secretary of the office of motor vehicles within the Department of Public Safety and Corrections, including the assistant secretary’s duly authorized assistants, when used in reference to any state tax or fee administered by the office and within the jurisdiction of the Board of Tax Appeals.
(c) The commissioner of the office of alcohol and tobacco control, within the Department of Revenue, when used in relation to any state tax or fee administered by the office and within the jurisdiction of the Board of Tax Appeals.
(d) Any other collector of state taxes or fees, or any other state agency where an agency action is appealable to the board.
(e) The agent or successor of any of the foregoing offices when administering a state tax or fee within the jurisdiction of the Board of Tax Appeals. [Emphasis added.]
Review of legislative history evidences that La. R.S. 47:1418 was amended by 2014 La. Acts, No. 640, § 2. This original version of La. R.S. 47:1418(7) only contained the subsections currently identified as (a), (b), (c), and (e). This was the version of the statute in effect at the time the BTA heard and decided this matter in August of 2015 and January of 2016, respectively. However, like La. R.S. 47:1481, R.S. 47:1418 was amended by La. Acts -2016, No. 335, which added R.S. 47:1418(7)(d), which provides that a state collector includes “[a]ny other collector of state taxes or fees, or any other state agency where an agency action is appealable to the board.” La. R.S. 47:1418(7)(d) ■ also falls under Section 3 of 2016 La. Acts, No. 335 and is deemed by the legislature to be “procedural and interpretative,” and retroactively effective back to the effective date of Acts No. 640 of the 2014 Regular Session of the Legislature — June 12, 2014.
h feeding the direction of the legislature, we find that under La. R.S. 47:1407 and La. R.S. 47:1418(7)(d) the BTA has jurisdiction over Security’s petition. See Segura v. Frank, 93-1271 (La. 1/14/94), 630 So.2d 714, 725 (Where the law has changed during the pendency of a suit and retroactive application of the new law is permissible, the new law applies on appeal even though it requires reversal of a judgment which was correct under the law in effect at the time it was rendered.) The definition of “collector” under La, R.S. 47:1418(2) is defined as “state collector or local collector, unless specified otherwise.” A “state collector” under La. R.S. 47:1418(7)(d) includes “[a]ny other collector of state taxes or fees, or any other state agency where the action is appeal-able to the board.” Here, the Commissioner is a collector of state taxes that are transmitted directly to the Department of Revenue, which disperses a majority of the funds collected into a special fund estab *776 lished by the legislature for the police and firefighter retirement systems, with any interest, unexpended, or unencumbered monies going into the state general fund. See La. 22:1476(A)(2). We believe that this scenario falls under the scope of La. R.S. 47:1407 and 47:1418. The determination by the BTA that it was not granted specific authority to hear the petition of Security was based on the pre-amendment version of La. R.S. 47:1418, which as the concurring BTA member pointed out included only the Department of Revenue, the Office of Motor Vehicles, and the Office of Alcohol and Tobacco Control. However, the amendments to La. R.S. 47:1407, 47:1418(7)(d), and 47:1431 make clear that the legislature intended to clarify the expansive jurisdiction granted to the BTA, and to grant taxpayers who pay taxes to “a state collector,” including state collectors like the Commissioner, access to the BTA for claims related to overpayments, refunds, or payments under protest. See La. R.S. 47:1401. Based on our reading of the statutes, we find that the BTA has jurisdiction to hear the petition filed by Security-
| ^CONCLUSION
For the above and foregoing reasons, the judgment of the BTA signed January 14, 2016 sustaining the Commissioner’s declinatory exception of lack of subject matter jurisdiction is reversed and this matter is remanded for further proceedings. Costs of this appeal in the amount of $967.50 are to be paid by James J. Done-Ion, in his capacity as the Commissioner of Insurance, State of Louisiana.
REVERSED.
Holdridge J. concurs in the result because of the unique facts of this case.

. The nature of these funds deposited into the retirement systems was addressed in Firefighters’ Retirement System v. Landrieu, 572 So.2d 1175, 1180 (La. App 1st Cir. 1990), writ denied, 575 So.2d 811 (La. 1991). There, this court considered the issue of whether the legislation abolishing constitutionally protected special funds resulted in the abolishment of the special fund into which LIR funds were deposited under La. R.S,- 22:1419 (re-designated as La. R.S. 22:1476 by Acts 2008, § 1). This court found that the legislation abolishing special funds only applied where monies were constitutionally required to be deposited in to the state treasury, This court then found that the directive to deposit monies collected under police and firefighters’ retirement systems’ funds into the state treasury was not constitutional but statutory; thus, the -fund was not abolished under the legislation at issue. Id. at 1179-1180. Further, because the monies under La. R.S, 22:1419 (now La. R.S. 22:1476) are not constitutionally required to be deposited into the state treasury, they are not considered "state funds;” thus, this court found that an appropriation was not required for the treasurer to release monies to the retirement systems. Id. at 1180.

. Based on its finding that it lacked subject matter jurisdiction, the BTA determined that the Commissioner's peremptory exception raising Security’s failure to join parties needed for a just adjudication was moot.

. Security’s appeal to this Court is authorized by La. R.S. 47:1435, 47:1436, and La. C.C.P. art. 2083.

. La, R.S. 47:1407(1) was amended by 2014 La. Acts, No. 198 to add matters relating to payment under- protest petitions to the BTA’s jurisdiction.