JjGONZALES, J.
In this matter, a hospital service district and its chief executive officer challenge a order of the trial court rendered in an open meetings law enforcement action.
FACTUAL AND PROCEDURAL BACKGROUND
The factual and procedural background of this case is set forth in a companion appeal, also decided this date. See Dr. Willie John Joseph, III, Dr. Michelle T. Brumfield and St. Mary Anesthesia Associates, Inc. v. Hospital Service District No. 2 of the Parish of St. Mary, State of Louisiana d/b/a Lakewood Medical Center and Clifford M. Broussard, 01-1951 (La. App. 1 Cir. 12/28/01), 805 So.2d 400. (Joseph I). To the extent necessary to explain the issues herein, pertinent information will be repeated or elaborated upon.
In Joseph I, this court addressed a judgment signed on April 30, 2001, in which the trial court: (1) nullified the termination of an anesthesia services contract between Hospital Service District Number 2 of the Parish of St. Mary d/b/a Lakewood Medical Center (Lakewood) and St. Mary Anesthesia Associates, Inc. (SMA); (2) nullified the termination of a contract between Lakewood and Dr. Willie John Joseph, III, by which Dr. Joseph served as Medical Director of Anesthesia Services at Lakewood Medical Center (LMC); (3) declared that a contract between Our Lady of the Lake Hospital (OLOL) and LMC did not empower Mr. Clifford Broussard, as LMC’s CEO, to terminate the SMA contract without authority from Lakewood’s Board of Commissioners; (4) issued a permanent injunction restraining Mr. Brous-sard and LMC from terminating or seeking to terminate the SMA contract or the Medical Director contract except for cause or in accordance with law or the terms of the contracts; (5) issued a writ of mandamus ordering reinstatement of both contracts effective 30 days from the execution and filing of the judgment; (6) granted plaintiffs, SMA, Dr. Joseph, and Dr. Michelle Brumfield, leave to amend their petition to allege damages claims; (7) issued a permanent injunction restraining Lakewood and Mr. Broussard from attempting to terminate the SMA contract based on a belief that the contract was not in Lakewood’s best interest due to its Lunspecific term; (8) issued a permanent injunction restraining Lakewood and Mr. Broussard from holding meetings to discuss the SMA contract unless such meetings were held in conformity with the Louisiana Constitution and statutes, or unless such meetings were called in connection with the pending litigation exception to the Open Meetings Law; (9) issued a permanent injunction restraining Lakewood and Mr. Broussard from holding executive sessions relating to the SMA contract or the Medical Director contract, without notice to SMA or Dr. Joseph, and an opportunity for them to request an open meeting; and (10) assessing costs and attorney fees.
On May 4, 2001, the trial court signed an order granting Mr. Broussard a suspensive appeal and granting Lakewood a devolu-tive appeal from the above judgment. On May 10, 2001, the trial court signed an order stating: “The Court retains jurisdiction to handle all matters incident to contempt and enforcement of its Original Judgment as well as an adjudication of any issue of damages.” On May 18, 2001, the trial court signed a document captioned “Per Curiam” which was filed into the appellate record. Therein, the court provided additional reasons supporting its April 30, 2001 judgment.
The defendants filed the instant appeal, challenging the May 10, 2001 order. The defendants also filed a writ application *416 with this court, challenging the May 10, 2001 order and the May 18, 2001 Per Curiam (2001 CW 0984).[2]
On May 29, 2001, the plaintiffs filed a second supplemental and amending petition, adding OLOL and individual members of Lakewood’s Board of Commissioners as defendants, and adding claims for breach of contract, anticipatory breach of contract, and damages. The defendants filed exceptions of lack of subject matter jurisdiction and improper cumulation, which the trial court denied in open court at a hearing held on August 9, 2001.[3] The defendants filed additional writ applications with this court ^(Docket Numbers 2001 CW 2129 and 2001 CW 2141), challenging the trial court’s retention of jurisdiction over the new defendants and new claims, because the appeal of all asserted issues (Joseph I) had already been taken by the existing defendants.
On September 27, 2001, this court stayed all proceedings in the trial court and ordered the parties to brief the issue of whether plaintiffs’ petitions improperly cumulated a suit for enforcement of the Open Meetings Law, a summary action, with a breach of contract and damages action, an ordinary action. This court later maintained the stay and referred the writ applications to the same panel to which the appeals of the April 30, 2001 judgment and the May 10, 2001 order were randomly allotted.
DISMISSAL OF APPEAL OF MAY 10, 2001 ORDER
At the outset, we note that, on September 5, 2001, this court issued a show cause order directing the parties to file briefs addressing whether this appeal of the May 10, 2001 order should be dismissed, as that order appeared to be a non-appealable, interlocutory order. The defendants admit that, if the trial court had jurisdiction at all to issue the May 10, 2001 order, it is an interlocutory order and, thus, non-ap-pealable. La.C.C.P. art.2083. Thus, we shall dismiss the appeal. However, because the defendants filed writ applications addressing the May 10, 2001 order, we review the matter under our supervisory jurisdiction.
CUMULATION
We agree with the general principle that a trial court retains jurisdiction over matters not reviewable under the appeal of a judgment. La.C.C.P. art.2088. However, in this case, the trial court’s May 10, 2001 order, allowing the plaintiffs to add defendants, and claims for breach of contract and damages is invalid for other reasons.
*417 First, this action was brought as an enforcement action under the Open Meetings Law. The relief available in an Open Meetings Law enforcement action is set forth in La.R.S. 42:11(A), which provides:
IfiA. In any enforcement proceeding the plaintiff may seek and the court may grant any or all of the following forms of relief:
(1) A writ of mandamus.
(2) Injunctive relief.
(3) Declaratory judgment.
(4) Judgment rendering the action void as provided in R.S. 42:9.
(5) Judgment awarding civil penalties as provided in R.S. 42:13.
This statute does not list breach of contract damages as one of the forms of relief in an Open Meetings Law enforcement action. Thus, to the extent plaintiffs’ second supplemental petition seeks damages for violation of the Open Meetings Law, such is not available.
Secondly, cumulation of the new claims with the Open Meetings Law enforcement action was improper because they employ inconsistent forms of procedure. Under La.C.C.P. arts. 462 and 463, two or more actions may be cumulated only if “[a]ll of the actions cumulated are mutually consistent and employ the same form of procedure.” Under La.R.S. 42:12, “[Open Meetings Law enforcement proceedings shall be tried by preference and in a summary manner.” However, damages claims for breach of contract are tried by ordinary procedure. See Earhart v. Brown, 97-522 (La.App. 5 Cir. 10/28/97), 702 So.2d 976, 980.[4]
Thirdly, we note the addition of the new claims by the plaintiffs violates principles of random allotment. Louisiana Code of Civil Procedure article 253.1 requires that “[a]ll pleadings filed shall be randomly assigned to a particular section or division of the court....” Random assignment procedures promote fairness and impartiality and reduce the dangers of favoritism and bias. State v. Sprint Communications Company, LP., 96-3094 (La.9/9/97), 699 So.2d 1058, 1063; see also Watson v. Lane Memorial Hospital, 99-0930, 99-0947 (La.5/28/99), 743 So.2d 676.[5] Allowing the plaintiffs to amend their petition with entirely new claims and against numerous new defendants, after a judgment |7in favor of plaintiffs was rendered, increases the risk of possible bias and demotes, rather than promotes, fairness and impartiality. Just as a litigant may not choose a courtroom or a judge, a judge may not select his caseload or his litigants. State v. Sprint Communications Company, L.P., 699 So.2d at 1062.
DECREE
For the foregoing reasons, the appeal of the trial court’s May 10, 2001 order is DISMISSED. Costs of the appeal are to be equally assessed to the plaintiffs and the defendants.
Further, the WRITS filed by the defendants are GRANTED. The trial court erred in allowing the plaintiffs to file the second supplemental and amending petition, and these claims are hereby stricken from the instant suit. If the plaintiffs desire to pursue their claims for breach of *418 contract, anticipatory breach of contract, and damages, such claims must be made in separate lawsuit filed independently of this one and randomly allotted.

. The writ application assigned Number 2001 CW 0984 by this court was originally filed by the defendants as a challenge to the April 30, 2001 judgment. After the trial court signed the May 10, 2001 order and issued the May 18, 2001 Per Curiam, the defendants supplemented their writ application in 2001 CW 0984 to challenge the order and Per Curiam. On May 29, 2001, this court denied the defendants writ application, indicating they had an adequate remedy on appeal.

. The record contains no written order or judgment denying the exceptions, but an August 9, 2001 minute entry establishes the trial court's action. The denial of exceptions of lack of subject matter jurisdiction and improper cumulation are interlocutory rulings. See People of Living God v. Chantilly Corporation, 251 La. 943, 207 So.2d 752, 753 (1968); Johnson v. Shelton Trucking Service, Inc., 597 So.2d 499, 502 (La.App. 1 Cir.), rev’d on other grds, 599 So.2d 1089 (La.1992) (per curiam). It is not necessary that an interlocutory ruling be in writing or that it be signed by the trial court; it is sufficient merely that it be entered in the minutes. State ex rel. A.S.K., 00-0636 (La.App. 4 Cir. 12/11/00), 775 So.2d 1101, 1103.

. We are aware that the Open Meetings Law cause of action has been determined but want to insure that the summary process available in an Open Meetings Law case does not overshadow the ordinary process required to litigate a breach of contract claim.

. The Louisiana Supreme Court has recently indicated its continuing enforcement of the requirement of random allotment in State v. Rideau, 01-3146 (La. 11/29/01), 802 So.2d 1280 (per curiam).