Welch, J.
The Louisiana Department of Revenue, through its Secretary, Kimberly L. Robinson ("Department"), appeals a judgment of the Board of Tax Appeals ("BTA") that denied its exceptions of lack of subject matter jurisdiction, no right of action, and its motion for summary judgment; granted summary judgment in favor of Bannister Properties, Inc. and Southold Properties, Inc. ("taxpayers"); and, ordered the Department to refund the taxpayers $500,713.00 and $164,287.00 respectively, plus interest, on the basis that the taxpayers were not subject to the Louisiana corporation franchise tax for the pertinent tax periods. For the following reasons, we affirm the denial of the Department's exceptions; we reverse the summary judgment granted in favor of the taxpayers and the ordered refund; we reverse the denial of the Department's motion; and, we render judgment granting the Department's motion for summary judgment denying the taxpayers' Overpayment Refund Claims.
FACTS AND PROCEDURAL HISTORY
The facts forming the basis of this appeal are not disputed by the parties. The taxpayers are foreign corporations, organized under the laws of Delaware, and conducted no business in Louisiana during the pertinent tax periods beginning January 1, 2008, January 1, 2009, January 1, 2010, and January 1, 2011 ("tax periods").[1]
*782 The taxpayers filed Louisiana Corporation Income and Corporation Franchise Tax Returns (Form CIFT-620) for the tax periods. Bannister remitted $636,651.00 in franchise taxes, and Southold remitted $189,924.00 in franchise taxes. Thereafter, the taxpayers filed amended returns for each of the tax periods, claiming they were not subject to the Louisiana corporate franchise tax, La. R.S. 47:601. The taxpayers sought refunds of the overpayment of franchise taxes that were paid for the tax periods. The taxpayers claimed they were not subject to the franchise taxes based on the decision of UTELCOM, Inc. v. Bridges , 2010-0654 (La. App. 1st Cir. 9/12/11), 77 So.3d 39, 48-50, writ denied, 2011-2632 (La. 3/2/12), 83 So.3d 1046, which held that the franchise tax regulation LAC 61:I.301(D) was promulgated based on a mistake of law due to the Department's misinterpretation of the corporate franchise tax law, La. R.S. 47:601, and declared the regulation invalid.[2]
By letters dated April 4, 2012, the Department denied the taxpayers' Overpayment Refund Claims, asserting that the amounts paid by the taxpayers were not refundable under any provision of Louisiana law. The Department indicated to the taxpayers that they could file written petitions in the BTA regarding the denial of their refund claims, in accordance with La. R.S. 47:1625.
In response to the Department's denials, the taxpayers filed petitions in the BTA to recover money erroneously paid into the State Treasury, pursuant to the Claims Against the State Procedure, La. R.S. 47:1481 -1486 (BTA Docket Nos. 7389 and 7390). The taxpayers also filed petitions in the BTA appealing the denials of their Overpayment Refund Claims pursuant to the Overpayment Refund Procedure, La. R.S. 47:1621 -1627. (BTA Docket Nos. 7584 and 7585). The BTA consolidated the matters.
While the taxpayers' Claims Against the State and Overpayment Refund Claims were pending in the BTA, the taxpayers and the Department entered into written settlement agreements as to the Claims Against the State. Therein, the parties stipulated that the taxpayers had made overpayments, as defined in La. R.S. 47:1621(A), of franchise taxes for the tax periods in the amounts of $550,713.00 (Bannister) and $164,287.00 (Southold). The BTA issued recommendations that the Legislature, at the next session, appropriate funds to pay the taxpayers the overpayment amounts at the earliest possible dates, thereby settling the taxpayers' Claims Against the State.[3]
The parties then filed joint motions to stay the Overpayment Refund Claims pending timely receipt by the taxpayers of the overpayment amounts in the Claims Against the State cases. The BTA ordered the Overpayment Refund Claims stayed. In the joint motions to stay, the taxpayers explicitly reserved their rights to pursue the Overpayment Refund Claims if the Legislature failed to appropriate funds to pay the overpayment amounts in the *783 Claims Against the State cases.[4] As of this appeal, the Legislature has not appropriated the funds to refund the taxpayers the overpayment amounts as recommended by the BTA in the Claims Against the State cases, nor have the taxpayers availed themselves of La. R.S. 47:1484(C)(1).[5]
Thereafter, the Department filed a motion for summary judgment, as well as exceptions of lack of subject matter jurisdiction and no right of action relative to the taxpayers' Overpayment Refund Claims. The Department argued that La. R.S. 47:1621(F) precluded the issuance of a refund to the taxpayers. Louisiana Revised Statutes 47:1621(F) states that "[t]his Section shall not be construed to authorize any refund of tax overpaid through a mistake of law arising from the misinterpretation by the secretary of the provisions of any law or of the rules and regulations promulgated thereunder." Section 1621(F) further provides that if a taxpayer believes the Department has misinterpreted the law, his remedy is to pay the tax under protest and file suit to recover or appeal to the BTA in instances where such appeals lie. The Department argued that since there had been a determination in UTELCOM that the Department misinterpreted the corporate franchise tax law, La. R.S. 47:601 through the promulgation of LAC 61:1.301, and the taxpayers' overpayments were based upon that misinterpretation of law, La. R.S. 47:1621(F) applies to prohibit the issuance of a refund. Regarding the exceptions, the Department argued that because La. R.S. 47:1621(F) prohibits the Department from issuing a refund, the taxpayers have no right of action to assert Overpayment Refund Claims. Further, the Department contended that the BTA lacked jurisdiction to hear the Overpayment Refund Claims and order the Department to issue a refund.
The taxpayers opposed the Department's exceptions and motion for summary judgment and filed a cross-motion for summary judgment, seeking a judgment ordering the Department to refund the overpayment amounts, together with interest, in accordance with the Overpayment Refund Procedure, La. R.S. 47:1621 -1627. The Department opposed the taxpayers' cross motion for summary judgment.
Following a hearing, the BTA rendered judgment on September 12, 2017, denying the Department's exceptions; denying the Department's motion for summary judgment; granting the taxpayers' motion for summary judgment; awarding Bannister Properties, Inc. a refund in the amount of $550,713.00, plus interest; and, awarding Southold Properties, Inc. a refund in the amount of $164,287.00, plus *784 interest. The BTA issued written reasons for its judgment. The Department has appealed the September 12, 2017 judgment of the BTA.[6]
ASSIGNMENTS OF ERROR [7]
The Department raises seven assignments of error:
1. The BTA erroneously denied the Department's Motion for Summary Judgment, and granted Southold's and Bannister's Motion for Summary Judgment to award an administrative claim for refund, as the law is clear and unambiguous that La. R.S. 47:1621(F) prohibits the issuance of a refund because Southold and Bannister overpaid taxes through a mistake of law arising from the misinterpretation by the Department of the provisions of law and/or rules and regulations promulgated thereunder.
2. The BTA erroneously denied the Department's Motion for Summary Judgment, and granted Southold's and Bannister's Motion for Summary Judgment to award an administrative claim for refund, because if La. R.S. 47:1621(F) is not clear and unambiguous, which is denied, the BTA's Judgment ignores the secondary rules of statutory construction that require that a specific provision of law-the first sentence of La. R.S. 47:1621(F) -controls the more general and/or any alleged contrary provision of the law-the second sentence of La. R.S. 47:1621(F).
3. The BTA erroneously denied the Department's Motion for Summary Judgment, and granted Southold's *785 and Bannister's Motion for Summary Judgment to award an administrative claim for refund, because if La. R.S. 47:1621(F) is not clear and unambiguous, which is denied, the Judgment renders the first sentence of La. R.S. 47:1621(F) meaningless and sursplusage [sic ], and is contrary to the secondary rules of statutory construction that courts are bound to give effect to all parts of a statute and to construe no sentence, clause, or words as meaningless and surplusage if a construction giving force to and preserving all words can legitimately be found.
4. The BTA erroneously denied the Department's Motion for Summary Judgment, and granted Southold's and Bannister's Motion for Summary Judgment to award an administrative claim for refund, because if La. R.S. 47:1621(F) is not clear and unambiguous, which is denied, the Judgment ignores established Louisiana Supreme Court and court of appeal jurisprudence, and the public policy recognized therein against the allowance of an administrative claim for refund based on a mistake of law arising from the misinterpretation by the Department of the provisions of any law or rules and regulations promulgated thereunder.
5. The BTA erroneously denied the Department's Exception of No Right of Action to award an administrative claim for refund when Southold's and Bannister's refund claims are barred by the absolute prohibition to such refund imposed by La. R.S. 47:1621(F).
6. The BTA erred when it denied the Department's Exception of Lack of Subject Matter Jurisdiction challenging the BTA's jurisdiction to award an administrative claim for refund when the absolute prohibition imposed by La. R.S. 47:1621(F) applies to Southold's and Bannister's refund claim.
LAW AND DISCUSSION
Jurisdiction for judicial review of decisions of the BTA is vested solely with the appellate courts. The Department's appeal to this court is authorized by La. R.S. 47:1435, La. R.S. 47:1436, and La. C.C.P. art. 2083. Our review of a decision of the BTA is rendered on the record made before the BTA and is limited to facts on the record and questions of law. Quest Diagnostics Clinical Labs., Inc. v. Barfield , 2015-0926 (La. App. 1st Cir. 9/9/16), 2016 WL 4719894, at *5 (unpublished). With regard to questions of law, the judgment of the BTA should be affirmed if it has correctly applied the law and adhered to the proper procedural standards. However, if the BTA's judgment is not in accordance with law, it may be reversed or modified, with or without remanding the case. Id.
SUBJECT MATTER JURISDICTION
Subject matter jurisdiction may be challenged through the declinatory exception of lack of subject matter jurisdiction. See La. C.C.P. art. 925(A)(6). Where the lack of subject matter jurisdiction is not apparent on the face of the petition, the burden is on the defendant to offer evidence in support of the exception. See La. C.C.P. art. 930 ; Barringer v. Robertson , 2015-0698 (La. App. 1st Cir. 12/2/15), 216 So.3d 919, 924, writ denied, 2016-0010 (La. 2/26/16), 187 So.3d 1004. If, as in the present case, no evidence is introduced, the court must accept the allegations of the petition as true for the purpose of ruling on the exception. See *786 State v. Illinois Central Railroad Company , 2004-1789 (La. App. 1st Cir. 12/22/05), 928 So.2d 60, 68 ; Banks v. Carl Ott Poles & Piling, Inc. , 440 So.2d 803, 805 (La. App. 1st Cir. 1983), writ denied, 444 So.2d 1244 (La. 1984). The determination of whether a court has subject matter jurisdiction over a case is subject to de novo review. In re D.C.M. , 2013-0085 (La. App. 1st Cir. 6/11/13), 170 So.3d 165, 169, writ denied, 2013-1669 (La. 7/17/13), 118 So.3d 1102.
The Legislature created the BTA to act as an appeal board to hear and decide questions of law and fact arising from disputes or controversies between taxpayers and the Department "in the enforcement of any tax, excise, license, permit or any other tax law administered by the collector." See La. R.S. 47:1401. The statutes establishing and governing the BTA are contained in Chapter 17 of Title 47 of the Louisiana Revised Statutes. Louisiana Revised Statutes 47:1407(1) further provides that jurisdiction of the BTA shall extend to "[a]ll matters relating to appeals ... for the determination of overpayments ... as provided in R.S. 47:1431 through 1438 [which form Part II of Chapter 17 of Title 47, entitled 'Appeals for Redetermination of Assessment or for Determination of Overpayment']." Additionally, La. R.S. 47:1625 provides for appeals from the Department's denial of a refund claim and vests the BTA with jurisdiction to "determine the correct amount of tax for the period in controversy and to render judgment ordering the refunding or crediting or any overpayment or the payment of any additional tax, interest...." La. R.S. 47:1625(C). Thus, jurisdiction to resolve tax-related disputes is constitutionally and statutorily granted to the BTA, which is authorized to hear and decide such disputes and render judgments. St. Martin v. State , 2009-0935 (La. 12/1/09), 25 So.3d 736, 741.
The taxpayers appealed to the BTA for a redetermination of the Department's denials of their requested overpayment refunds. Under La. R.S. 47:1431 and La. R.S. 47:1625, those actions are within the scope of the BTA's jurisdiction. Accordingly, based on our de novo review, we find that the BTA had subject matter jurisdiction over the taxpayers' Overpayment Refund Claims. The BTA properly overruled the Department's exception of lack of subject matter jurisdiction.[8]
RIGHT OF ACTION
An action can only be brought by a person having a real and actual interest which he asserts. La. C.C.P. art. 681 ; Randy Landry Homes, LLC v. Giardina , 2012-1669 (La. App. 1st Cir. 6/7/13), 118 So.3d 459, 460. The function of the exception urging no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. La. C.C.P. art. 927(A)(6) ; Randy Landry Homes , 118 So.3d at 460-61. The focus in an exception of no right of action is on whether the particular plaintiff has a right to bring the suit; it assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case is a member of the class that has a legal interest in the subject matter of the litigation. Id. at 461.
The exception does not raise the question of the plaintiff's ability to prevail on the merits nor the question of whether the defendant may have a valid defense. OXY USA Inc. v. Quintana Production Co. , 2011-0047 (La. App. 1st Cir. 10/19/11), 79 So.3d 366, 376, writ denied, 2012-0024 (La. 3/2/12), 84 So.3d 536. Unlike the objection of no cause of action, evidence supporting or controverting an *787 objection of no right of action is admissible on the trial of the exception for the purpose of showing that the plaintiff does not possess the right he claims or that the right does not exist. See La. C.C.P. art 931 ; OXY USA , 79 So.3d at 376. The party raising a peremptory exception bears the burden of proof. To prevail on a peremptory exception pleading the objection of no right of action, the defendant must show that the plaintiff does not have an interest in the subject matter of the suit or legal capacity to proceed with the suit. Id. at 377. Whether a plaintiff has a right of action is a question of law and is therefore reviewed de novo on appeal. Randy Landry Homes , 118 So.3d at 461.
This exception, similar to the exception of lack of subject matter jurisdiction, is based on the Department's contention that the taxpayers are statutorily prohibited from receiving a refund pursuant to La. R.S. 47:1621 (F) ; thus, they have no right of action to seek a refund. The Department argues that the right to invoke the remedy of a refund is extended only conditionally and that the taxpayer must meet three conditions in order to claim a refund: 1) the existence of an overpayment as defined by La. R.S. 47:1621(A) ; 2) that resulted from a situation as described in La. R.S. 47:1621(B) or (C) ; and 3) the overpayment refund is not non-refundable under La. R.S. 47:1621(F).[9]
There are no conditional elements set forth in the Overpayment Refund Procedure, specifically in La. R.S. 47:1621, that must be met in order for a taxpayer to receive a refund of overpaid taxes. It is undisputed in this matter that the taxpayers made overpayments, as defined in La. R.S. 47:1621, of franchise taxes for the tax periods. Based on the parties' settlement agreements, the taxpayers belong to the class of claimants entitled to seek overpayment refunds pursuant to the Overpayment Refund Procedure, La. R.S. 47:1621 -1627. Whether or not the Overpayment Refund Claims are prohibited by La. R.S. 47:1621(F) is the legal question at issue in this case. The no right of action exception does not raise the question of the taxpayers' ability to ultimately receive refunds in this instance, i.e., prevail on the merits of their claims. The no right of action exception focuses solely on whether the taxpayers have a real and actual interest in their Overpayment Refund Claims.
Accordingly, based on our de novo review, we find that the taxpayers have a right of action to seek a refund of franchise taxes via the Overpayment Refund Procedure, La. R.S. 47:1621 -1627. Whether the taxpayers will ultimately prevail on their Overpayment Refund Claims is not contemplated by the no right of action exception. Therefore, the BTA properly overruled the Department's exception of no right of action.[10]
SUMMARY JUDGMENT
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact.
*788 Crosstex Energy Services, LP v. Texas Brine Company, LLC , 2017-0895 (La. App. 1st Cir. 12/21/17), 240 So.3d 932, 935, writ denied, 2018-0145 (La. 3/23/18), 238 So.3d 963. After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3).
The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential claims of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966(D)(1).
The interpretation of a statute is a question of law that may be decided by summary judgment. When addressing legal issues, the appellate court gives no special weight to the findings of the trial court, but exercises its constitutional duty to review questions of law de novo , after which it renders judgment on the record. Louisiana Workers' Comp. Corp. v. Landry , 2011-1973 (La. App. 1st Cir. 5/2/12), 92 So.3d 1018, 1021, writ denied, 2012-1179 (La. 9/14/12), 99 So.3d 34.
Article VII, § 1 of the Louisiana State Constitution vests the power of taxation in the Legislature, and Article VII, § 3(A) mandates the Legislature to "provide a complete and adequate remedy for the prompt recovery of an illegal tax paid by a taxpayer." To fulfill its obligation, the Legislature has provided three remedies to taxpayers: 1) the Claims Against the State Procedure, La. R.S. 47:1481 -1486; 2) the Payment Under Protest Procedure, La. R.S. 47:1576 ; and, 3) the Overpayment Refund Procedure, La. R.S. 47:1621 -1627. Sec. Plan Fire Ins. Co. v. Donelon , 2016-0814 (La. App. 1st Cir. 5/10/17), 220 So.3d 769, 773-74.
Relevant to our analysis herein is the Overpayment Refund Procedure, La. R.S. 47:1621 -1627, which "affords a procedure specifically directed toward the refund of tax overpayments paid voluntarily and without protest." TIN, Inc. v. Washington Par. Sheriff's Office , 2012-2056 (La. 3/19/13), 112 So.3d 197, 203-04 (quoting St. Martin v. State , 2009-0935 (La. 12/1/09), 25 So.3d 736, 739 ).
Louisiana Revised Statutes 47:1621 is titled, "Refunds of overpayments authorized." The statute defines "overpayment" as:
[P]ayment of a tax, penalty, or interest when none was due; the excess of the amount of tax, penalty or interest paid over the amount due; or the payment of a penalty that is later waived or remitted by the secretary, provided that the power of the secretary to refund overpayments shall be as prescribed and limited in this Section.
La. R.S. 47:1621(A). As stipulated to by the parties in their written settlement agreements, and recognized by the BTA, the taxpayers made overpayments of franchise taxes for the tax periods in the amounts of $550,713.00 (Bannister) and $164,287.00 (Southold).
Louisiana Revised Statutes 47:1621(B)(1)-(4), (8) and (9) authorizes and requires the Department to make a refund of overpayments in certain instances where: 1) the taxpayer made an error in the mathematical computation of taxes due; 2) the tax was overpaid because of a *789 construction of law made by the taxpayer contrary to the Department's construction of law at the time the payment was made; 3) the overpayment was a result of an error, omission, or a mistake of fact of consequence to the determination of the tax liability; 4) the overpayment resulted from a change made by the Department in an assessment, notice, or billing; 5) the overpayment resulted from a subsequent determination that the taxpayer was entitled to pay a tax at a reduced tax rate; or 6) the overpayment was the result of a payment that exceeded the amount shown on the face of the return or voucher, or which would have been shown if a return or voucher were required. See also TIN , 112 So.3d at 204. In addition to the above circumstances where a refund is required, the statute contains provisions requiring the Department to make a refund, "[n]otwithstanding the provisions of Subsection B, where it is determined that there is clear and convincing evidence that an overpayment has been made, ... subject to conditions or limitations provided by law." La. R.S. 47:1621(C).
However, La. R.S. 47:1621(F) prohibits a refund of overpayments in instances where the taxpayer has overpaid taxes because the Department has made a mistake of law in assessing taxes or in enforcing tax laws, rules, or regulations against the taxpayer. Section 1621(F) provides:
This Section shall not be construed to authorize any refund of tax overpaid through a mistake of law arising from the misinterpretation by the secretary of the provisions of any law or of the rules and regulations promulgated thereunder. In the event a taxpayer believes that the secretary has misinterpreted the law or promulgated rules and regulations contrary therewith, his remedy is by payment under protest and suit to recover, or by appeal to the Board of Tax Appeals in instances where such appeals lie.
The second sentence of Section 1621(F) sets forth that in the event a taxpayer believes the Department has misinterpreted the law, the taxpayer's remedies are either payment under protest or "appeal to the Board of Tax Appeals in instances where such appeals lie."
The issue before this Court on the cross motions for summary judgment is the interpretation of La. R.S. 47:1621(F). The Department argues that the first sentence of Section 1621(F) absolutely prohibits a taxpayer from receiving a refund of taxes voluntarily paid based on a mistake of law arising from the Department's misinterpretation of tax law or of a rule or regulation promulgated thereunder. In contrast, the taxpayers argue that the second sentence of Section 1621(F) sets forth an exception to the prohibition contained in the first sentence by granting a taxpayer the remedy to either 1) pay the taxes under protest, or 2) appeal to the BTA "in instances where such appeals lie."
To adopt the Department's argument, the taxpayers contend, is to give the prohibition contained in the first sentence precedence over every other provision comprising the Overpayment Refund Procedure and effectively write out the second sentence of Section 1621(F), which the Department argues provides taxpayers a remedy in the event the taxpayer believes the Department has misinterpreted the law. The taxpayers argue that the phrase in the second sentence of Section 1621(F), "appeal to the Board of Tax Appeals in instances where such appeals lie," refers to an appeal to the BTA of a refund denial under La. R.S. 47:1625 of the Overpayment Refund Procedure.
The Department argues that the taxpayers may not utilize the provisions of the Overpayment Refund Procedure, *790 La. R.S. 47:1621 -1627, to recover the overpaid taxes because the taxpayers' claims are based solely on a mistake of law arising from the Department's misinterpretation of a tax regulation as determined in UTELCOM . The Department contends that La. R.S. 47:1621(F) absolutely prohibits the authorization of any tax refund in such an instance. The Department argues that the second sentence of La. R.S. 47:1621(F) concerning "appeal to the Board of Tax Appeals in instances where such appeals lie" refers to Claims Against the State pursuant to the Claims Against the State Procedure, La. R.S. 47:1481 -1486, of which the taxpayers have availed themselves.
In its reasons for judgment, the BTA held that the last sentence of Section 1621(F) contains "two distinct exceptions" to the refund prohibition contained in the first sentence of La. R.S. 47:1621 : "the (1) payment under protest exception, and the (2) appeal to the Board of Tax Appeals exception." The BTA discussed the last sentence of Section 1621(F): "In the event a taxpayer believes that the secretary has misinterpreted the law or promulgated rules and regulations contrary therewith, his remedy is by [1] payment under protest and suit to recover, or by [2] appeal to the Board of Tax Appeals in instances where such appeals lie." The BTA concluded that the second exception "appeal to the Board of Tax Appeals in instances where such appeals lie" refers to and includes La. R.S. 47:1625, i.e., appeals from the Department's disallowance of refund claims, not to Claims Against the State under La. R.S. 47:1481 -1486. The BTA further concluded that the "Legislature would not need to write an exception into [Section] 1621(F) to continue to allow '[C]laims [A]gainst the [S]tate,' since they would not be restricted by that law...."[11]
The rules of statutory construction are designed to ascertain and enforce the intent of the Legislature. M.J. Farms, Ltd. v. Exxon Mobil Corp. , 2007-2371 (La. 7/1/08), 998 So.2d 16, 26. It is a fundamental principle of statutory interpretation that "[w]hen a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." La. C.C. art. 9. This principle applies to tax statutes. Tarver v. E.I. Du Pont De Nemours & Co. , 634 So.2d 356, 358 (La. 1994). When the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law, and the words of law must be given their generally prevailing meaning. La. C.C. arts. 10 and 11.
It is also well established that the legislature is presumed to enact each statute with deliberation and with full *791 knowledge of all existing laws on the same subject. O'Hara v. Globus Med., Inc. , 2014-1436 (La. App. 1st Cir. 8/12/15), 181 So.3d 69, 84, writ denied, 2015-1944 (La. 11/30/15), 182 So.3d 939. Thus, legislative language will be interpreted on the assumption that the legislature was aware of existing statutes, well-established principles of statutory construction, and with knowledge of the effect of their acts and purpose in view. M.J. Farms, Ltd. , 998 So.2d at 27.
A statute that imposes a tax should be liberally construed in favor of the taxpayer. However, as tax laws are sui generis , statutes providing for tax exemptions or tax refunds should be strictly construed against the taxpayer. See DaimlerChrysler Servs. of N. Am., L.L.C. v. Sec'y, Dep't of Revenue , 2007-0010 (La. App. 1st Cir. 9/14/07), 970 So.2d 616, 619, writ denied, 2007-2374 (La. 2/1/08), 976 So.2d 725.
Under the facts of this case, the taxpayers' Overpayment Refund Claims are based solely on the UTELCOM decision, i. e ., "a mistake of law arising from the misinterpretation by the secretary of the provisions of any law or of the rules and regulations promulgated thereunder." La. R.S. 47:1621(F). Under the first sentence of La. R.S. 47:1621(F), "[t]his Section shall not be construed to authorize any refund of tax overpaid." In the event the taxpayers believed the Department misinterpreted the law or promulgated rules and regulations contrary therewith, their remedy was either payment under protest or by an appeal to the BTA "in instances where such appeals lie." It is well settled that the Payment Under Protest Procedure, La. R.S. 47:1576, is a remedy available for a refund where a tax collector has denied a refund request. See TIN , 112 So.3d at 206 ; Kean's Partnership v. Parish of East Baton Rouge , 96-0751 (La. 11/25/96), 685 So.2d 1043, 1046 ; Cat's Meow, Inc. v. City of New Orleans through Dept. of Finance , 98-0601 (La. 10/20/98), 720 So.2d 1186, 1200.
Here, the taxpayers did not pay their franchise taxes under protest; thus, their only possibly remedy to recover a refund of voluntarily paid taxes would be "an appeal to the Board of Tax Appeals in instances where such appeals lie." The taxpayers argue (and the BTA relied upon in its written reasons) that in TIN , 112 So.3d at 202, the Louisiana Supreme Court held that the phrase in the second sentence of La. R.S. 47:1621(F), "instances where such appeals lie," refers to La. R.S. 47:1625, i.e., appeals to the BTA from the denials of refund.
TIN involved a taxpayer who made four requests for the refund of local use tax. The collector did not respond at all to the taxpayer's second and third refund requests. Id. at 206. The taxpayer did not pay the taxes at issue under protest, but instead paid the taxes (based on its own calculation of the amounts due) and later determined that these amounts were not due based on the tax collector's misinterpretation of the law relative to the taxpayer's refund claim. Id. at 205. The supreme court was tasked with examining the proper procedure to be utilized where taxes have been voluntarily paid and the tax collector failed to respond to the taxpayer's refund request under La. R.S. 47:1625 (of the Overpayment Refund Procedure) and La. R.S. 47:337.81 (appeals from the denials of refund claims under the Uniform Local Sales Tax Code ("ULSTC")),[12] as *792 well as to determine whether the taxpayer's only remedy was the Payment Under Protest Procedure. Id. at 203.
The supreme court in TIN held that a taxpayer is not required to pay his taxes under protest when the collector has not acted on a properly filed refund claim:
The applicable statutes set out the circumstances under which the tax collector must refund the taxpayer for the overpayment of taxes. See La. R.S. 47:1621(A) ; La. R.S. 47:337.77(A). These statutes limit a taxpayer who thinks the collector has misinterpreted the law relative to his refund claim to the Payment under Protest procedure. See La. R.S. 47:1621(F) ; La. R.S. 47:337.77(F). Likewise, La. R.S. 47:1576(A) and 47:337.63(A)(1)(a) require payment under protest where the tax collector has found an amount of taxes to be due or has enforced any tax law relative to an amount of taxes found to be due. However, nothing in these provisions requires a taxpayer to pay taxes under protest where the tax collector has not acted on a properly filed refund claim at all. Further, a refund request that has been denied cannot serve as a basis for requiring payment under protest for a subsequent refund request where the subsequent refund request includes different materials and different time periods. [Emphasis added.]
Id. at 209. The supreme court further concluded:
Regarding the time periods for appeals and requests for redetermination under La. R.S. 47:1625 and 47:337.81, these time periods do not apply where the collector has failed to act on a refund request after the expiration of one year. The time limitations in these statutes only apply after the collector has affirmatively denied a refund request.
Id.
TIN is factually inapposite to the instant matter. TIN did not involve an Overpayment Refund Claim of state taxes, but dealt with a refund claim of local use taxes. In the instant matter, the Department specifically denied the taxpayers' Overpayment Refund Claims, as opposed to TIN , wherein the collector's failure to respond to two of the four refund claims was specifically at issue. Furthermore, the interpretation of the second sentence of La. R.S. 47:1621(F), "instances where such appeals lie," was not at issue in TIN .
The statement in the second sentence of La. R.S. 47:1621(F), "instances where such appeals lie," refers to La. R.S. 47:1625 and was made by the supreme court in the "Facts and Procedural History" portion of its TIN opinion during a discussion of the court of appeal's handling of the case. In making that statement, the supreme court was discussing the decision of the court of appeal, not making its own pronouncement of law.[13] Accordingly, we *793 agree with the Department that the supreme court's statement in TIN , 112 So.3d at 202, "instances where such appeals lie," refers to La. R.S. 47:1625 and is not binding on either the BTA or this Court.[14] See Meaux v. Wendy's Intern., Inc. , 2010-2613 (La. 5/13/11), 69 So.3d 412, 413. Accordingly, we are constrained by the first sentence of La. R.S. 47:1621(F), which prohibits the authorization of any refund of overpayment based on the Department's misinterpretation of tax law. Recognizing that statutes providing for tax refunds must be strictly construed against the taxpayer, we hold that Section 1621(F) is clear and unambiguous and must be applied as written. The taxpayers voluntarily paid taxes and are not entitled to a refund of taxes overpaid based on the Department's misinterpretation of tax law as recognized in UTELCOM .
Our interpretation is not at odds with prior interpretations and applications of La. R.S. 47:1621, specifically the Section 1621(F) prohibition, to taxpayer claims based on UTELCOM . The UTELCOM decision has resulted in a large volume of Overpayment Refund Claims brought by taxpayers seeking recovery of alleged overpayment of corporate franchise tax. Typically in these cases, UTELCOM claimants enter into settlement agreements with the Department. Pursuant to these settlements, the parties have agreed that the taxpayers' claims for return of franchise taxes based on UTELCOM qualify as La. R.S. 47:1481 Claims Against the State, even in instances where the claimants filed in the alternative, a duplicative La. R.S. 47:1621 Overpayment Refund Claim.[15]
*794 In contrast, in a second category of cases where UTELCOM claimants have filed La. R.S. 47:1481 Claims Against the State as well as in the alternative, a duplicative La. R.S. 47:1621 Overpayment Refund Claim, the parties have agreed that the taxpayers' claims for return of funds pursuant to UTELCOM were to be treated as La. R.S. 47:1481 Claims Against the State because the claims did not qualify as La. R.S. 47:1621 Overpayment Refund Claims based upon the La. R.S. 47:1621(F) prohibition .[16] While the BTA was not involved in the drafting of those settlement agreements, the taxpayers and the Department agreed to cooperate, along with the BTA, to report the recommendations to the Legislature in accordance with the Claims Against the State Procedure in order to seek an appropriation from the Legislature for the payment of the agreed-upon overpayment amounts based upon the settlement agreements. Because the recommendations were based on the settlement agreements made by the taxpayers and the Department, and recommended in cooperation with the BTA, it cannot be said that the BTA was unaware of the contents of the settlement agreements, specifically, that the parties agreed that claims for the return of franchise taxes based on UTELCOM did not qualify as La. R.S. 47:1621 Overpayment Refund Claims based upon the prohibition set forth in La. R.S. 47:1621(F).
However, in a third category of cases where UTELCOM claimants have filed La. R.S. 47:1481 Claims Against the State as well as in the alternative, a duplicative *795 La. R.S. 47:1621 Overpayment Refund Claim, the BTA has ruled that La. R.S. 47:1621(F)does not prohibit refund claims based on UTELCOM from qualifying as La. R.S. 47:1621 Overpayment Refund Claims.[17]
And, similar to the underlying proceedings of this administrative appeal, in a fourth category of cases where UTELCOM claimants have filed La. R.S. 47:1481 Claims Against the State as well as in the alternative, a duplicative La. R.S. 47:1621 Overpayment Refund Claim, and the taxpayers have settled their Claims Against the State, the taxpayers have explicitly reserved their rights to pursue refunds for the full amount of the stipulated overpayments through the Overpayment Refund Procedure in the event that the settled Claims Against the State is not timely paid to the taxpayers. Accordingly, the BTA has stayed those proceedings pending timely receipt by the taxpayers of the full agreed upon Claims Against the State amount.[18]
The foregoing administrative decisions demonstrate an inconsistent interpretation and application of La. R.S. 47:1621, specifically the Section 1621(F) prohibition, to taxpayer claims based on UTELCOM by the BTA and the Department.
In the instant matter, the BTA noted in its written reasons for judgment that "[t]he Legislature has historically paid Claims Against the State in the same manner that it had paid [J]udgments against the [S]tate in contract or tort, but in recent years it has not appropriated funds for the payment of any judgments or claims." The BTA members presiding over this matter noted that they were "intimately involved with the enactment of La. R.S. 47:1484(C), which was enacted as a limited remedy to provide some relief to pending Utelcom claimants with previously settled Claims Against the State." See 2016 La. Acts No. 335, § 1 (eff. June 5, 2016). Louisiana Revised Statutes 47:1484(C)(1) provides:
When the Board of Tax Appeals has approved a claim against the state for erroneous payments of corporate franchise tax, and the claim is not paid pursuant to Subsection A of this Section within one year of the date the board's approval of the claim becomes final, the secretary of the Department of Revenue and the claimant may agree that the payment of the claim may be taken as an offset against state corporate income or franchise tax liability of the claimant.
The enactment of La. R.S. 47:1484(C) demonstrates the Legislature's recognition of the material budgetary issues resulting from the UTELCOM decision and its attempt to provide relief to UTELCOM
*796 claimants with settled Claims Against the State.
The Legislature has failed to appropriate funds to pay the underlying taxpayers' overpayment amounts as recommended by the BTA in the taxpayers' settled Claims Against the State. The taxpayers' Overpayment Refund Claims, brought pursuant to the Overpayment Refund Procedure, La. R.S. 47:1621 -1627, is their attempt to recover the franchise taxes overpaid to the State. However, the taxpayers' claims do not qualify as refunds claims pursuant to the Overpayment Refund Procedure, La. R.S. 47:1621 -1627, based upon the clear and unambiguous language of La. R.S. 47:1621(F) prohibiting the authorization of "any refund of tax overpaid through a mistake of law arising from the misinterpretation by the secretary of the provisions of any law or of the rules and regulations promulgated thereunder." Based on the foregoing, we find that the BTA erroneously denied the Department's motion for summary judgment and erroneously granted the taxpayers' motion for summary judgment.[19] While we recognize that the second sentence of Section 1621(F) provides for an appeal to the BTA regarding the denial of Overpayment Refund Claims based on the Department's misinterpretation of law, like the BTA, we encourage the parties to "direct to the Legislature its concern about the policy implication of the impact of the latter exception" to Section 1621(F).
DECREE
The September 12, 2017 judgment of the Board of Tax Appeals is affirmed to the extent it denied the exceptions of lack of subject matter jurisdiction and no right of action filed by the Louisiana Department of Revenue, through its Secretary, Kimberly L. Robinson. The September 12, 2017 judgment is reversed to the extent it granted summary judgment in favor of Bannister Properties, Inc. and Southold Properties, Inc. and ordered the Department to refund the taxpayers $500,713.00 and $164,287.00 respectively, plus interest. The September 12, 2017 judgment is reversed to the extent it denied the Department's motion for summary judgment, and we render judgment granting the Department's motion for summary judgment. Costs of this appeal, in the amount of $625.00, are assessed equally among the parties.
AFFIRMED IN PART; REVERSED IN PART; JUDGMENT RENDERED .
Pettigrew, J. Concurs and assigns Reasons
PETTIGREW, J., CONCURS, AND ASSIGNS REASONS.
I concur with the majority, but I have concerns as to whether the taxpayers have an adequate remedy at law as required by Article VII § 3(A) of the Louisiana Constitution.

At all times during the tax periods, Bannister owned a passive limited partnership interest in Forcap Investments, L.P., which conducted business in Louisiana during the taxable periods. In addition, Forcap owned interest in two limited liability companies, Angelina Leasing, L.L.C. and Meriwether Investment, L.L.C. Angelina, L.L.C. engaged in business activities in Louisiana during the taxable periods. While Meriwether Investment, L.L.C. did not engage in any business in Louisiana, it did own interest in other entities that owned property and/or conducted business in Louisiana during the taxable periods. Although Bannister did not engage in any business activity in Louisiana during the taxable periods, Bannister was registered to do business in this state solely for the purpose of receiving a taxpayer identification number from the Department for the purpose of filing income tax returns.
At all times during the tax periods, Southold owned a passive membership interest in Gallatin Investment, L.L.C., which did not engage in any business activity in Louisiana. Gallatin Investment, L.L.C. owned interest in another limited liability company, which in turn owned interest in other companies, some of which conducted business in Louisiana. Although Southold did not engage in any business activity in Louisiana during the taxable periods, Southold was registered to do business in this state solely for the purpose of receiving a taxpayer identification number from the Department for the purpose of filing income tax returns.

The Legislature has since amended the corporate franchise law, La. R.S. 47:601, prospectively, to add statutory language consistent with the Department's prior regulation, LAC 61:I.301(D), which was overruled in UTELCOM ; therefore, the UTELCOM decision was legislatively overruled. See 2016 La. Acts No. 12, § 2, 1st Ex. Sess. (eff. March 10, 2016).

The taxpayers' Claims Against the State (BTA Docket Nos. 7389 and 7390) are not at issue in this appeal.

The joint motions to stay provided, in pertinent part:
[T]he Parties have further agreed that each Party reserves its rights to pursue all claims and defenses alleged or to be alleged in the instant matter, including but not limited to Petitioner[s'] rights to pursue refunds or credits for any overpayments of Franchise Tax under the Administrative Refund Provisions in the event that the full Overpayment Amount is not timely paid under the Claim[s] Against the State Procedure[ ].

Louisiana Revised Statutes 47:1484 was enacted as a limited remedy to provide some relief to pending UTELCOM claimants with previously settled Claims Against the State. See 2016 La. Acts No. 335, § 1 (eff. June 5, 2016). Section 1484(C)(1) provides:
When the Board of Tax Appeals has approved a claim against the state for erroneous payments of corporate franchise tax, and the claim is not paid pursuant to Subsection A of this Section within one year of the date the board's approval of the claim becomes final, the secretary of the Department of Revenue and the claimant may agree that the payment of the claim may be taken as an offset against state corporate income or franchise tax liability of the claimant.

Appellate courts have a duty to examine subject matter jurisdiction sua sponte, even when the parties do not raise the issue as we are obligated to recognize any lack of jurisdiction if it exists. This court's appellate jurisdiction extends to final judgments. La. C.C.P. arts. 1841 and 2083 ; Quality Envtl. Processes, Inc. v. Energy Dev. Corp. , 2016-0171 (La. App. 1st Cir. 4/12/17), 218 So.3d 1045, 1052-53. The denial of a motion for summary judgment is an interlocutory judgment and is appealable only when expressly provided by law. La. C.C.P. arts. 968, 1841, 2083 ; MP31 Investments, LLC v. Harvest Operating, LLC , 2015-0766 (La. App. 1st Cir. 1/22/16), 186 So.3d 750, 755. Similarly, the overruling of a peremptory exception of no right of action or of a declinatory exception of lack of subject matter jurisdiction are interlocutory rulings that are not appealable. See Bennett v. Arkansas Blue Cross Blue Shield , 2005-1714 (La. App. 1st Cir. 9/15/06), 943 So.2d 1124, 1126 ; see also Joseph v. Hosp. Serv. Dist. No. 2 of Par. of St. Mary , 2001-1952 (La. App. 1st Cir. 12/28/01), 805 So.2d 413, 416 n.3. However, when an unrestricted appeal is taken from a final judgment, the appellant is entitled to seek review of all adverse interlocutory or partial judgments prejudicial to it or that involve the same or related issues, in addition to the review of the final judgment dismissing all of its claims with prejudice. Robertson v. Doug Ashy Bldg. Materials, Inc. , 2010-1552 (La. App. 1st Cir. 10/4/11), 77 So.3d 339, 345 n. 11, writs denied, 2011-2468 and 2011-2430 (La. 1/13/12), 77 So.3d 973, 973. The Department appeals the summary judgment granted in favor of the taxpayers, which is a final, appealable judgment. See La. C.C.P. arts. 968 and 2083. Therefore, it is appropriate for us to review the BTA's denial of the Department's motion for summary judgment and exceptions in conjunction with the appeal of the final judgment.

Pursuant to Uniform Rules-Courts of Appeal, Rule 2-12.11, and on behalf of the Department's position, a law firm that was not involved in the case below-Rainer, Anding & Talbot-filed a motion for leave to file an amicus curiae brief with attachments on behalf of the Louisiana Association of Tax Administrators. We granted the motion on July 18, 2018. Rule 2-12.11 provides, in pertinent part, that amicus curiae briefs may be filed only upon motion and order of the court, and that the "motion shall identify the interest of the applicant, ... and state specific reasons why [the amicus ] brief would be helpful to the court in deciding the [case]."

The Department's assignment of error no. 6.

In support of its argument, the Department cites Keen v. Louisiana Farm Bureau Ins. Co. , 583 So.2d 835, 836-37 (La. App. 1st Cir.), writ denied, 587 So.2d 699 (La. 1991). The Keen court indicated that in considering an exception of no right of action, the court must look to the applicable substantive law. In that case, the applicable substantive law was the tort doctrine of negligence and whether or not the victim was entitled to emotional distress damages based on the alleged negligence of the tortfeasor.

The Department's assignment of error no. 5.

It is well-settled that in addition to the Payment Under Protest Procedure, La. R.S. 47:1576, La. R.S. 47:1621(F) also allows the taxpayer the remedy of a Claim Against the State, La. R.S. 47:1481 -1486, even though the additional remedy referred to in Section 1621(F) is an "appeal to the Board of Tax Appeals in instances where such appeals lie." In its written reasons, the BTA noted that "[o]ur Courts have recognized that La. R.S. 47:1481 -1486, the Claims Against the State Procedure, 'was intended to give the Board of Tax Appeals the authority to grant claims for taxes erroneously paid to the state, when principles of justice and equity so require, even though a refund might not otherwise be permitted by law,' " citing Sperry Rand Corp. v. Collector of Revenue , 376 So.2d 505, 507 (La. App. 1st Cir. 1979). See also Williams v. State, Through Office of Motor Vehicles , 538 So.2d 193, 198 (La. 1989) ; Church Point Wholesale Beverage Co., Inc. v. Tarver , 614 So.2d 697, 706 (La. 1993). This principle cited in Sperry Rand Corp. is set forth in the Claims Against the State Procedure and is limited to amounts not exceeding one thousand dollars. See La. R.S. 47:1483.

The supreme court in TIN noted that La. R.S. 47:1625 applied to tax periods prior to the enactment of the ULSTC in 2003, which therein, encompassed the time period of the second refund request after July 1, 2003. Prior to the enactment of the ULSTC, La. R.S. 47:337.1, et seq. , which sought to promote uniformity in the administration of the sales and use taxes imposed by local taxing jurisdictions, individual ordinances in each parish/municipality governed sales tax collection and refunds. Pursuant to a local ordinance, La. R.S. 47:1625 was adopted and thus applied to the tax periods from January 1, 2001 through July 1, 2003, after which La. R.S. 47:337.81 applied. With respect to overpayments and refunds, La. R.S. 47:337.81 is modeled after and is virtually identical to La. R.S. 47:1625. TIN , 112 So.3d at 200-01.

The court of appeal stated that La. R.S. 47:1621(F) provided that the taxpayer's remedy is either "by payment under protest and suit to recover" or "by appeal" in those instances where such appeals lie. The court found that "by appeal" appeared to reference the provisions of La. R.S. 47:1625 ; however, the court held that La. R.S. 47:1625 was inapplicable because, among other things, the tax collector did not send a communication of a denial of the request for refunds, and the taxpayer did not appeal for a hearing. Thus, the only other available remedy to TIN was "by payment under protest and suit to recover," i.e., under the provisions of La. R.S. 47:1576. TIN, Inc. v. Washington Par. Sheriff's Office , 2012-0156 (La. App. 1st Cir. 7/2/12), 97 So.3d 1105, 1109, writ granted, 2012-2056 (La. 12/14/12), 104 So.3d 426, and rev'd, 2012-2056 (La. 3/19/13), 112 So.3d 197 ; TIN , 112 So.3d at 202.

At the hearing of this matter, the BTA presiding member stated, "I agree that it's dicta."

See Koch Renewable Resources, Inc. v. Barfield , BTA Docket No. 7801 (La. Bd. Tax App. 5/8/18), 2018 WL 4608586; VEC SPV LLC v. Robinson , BTA Docket Nos. 10792D, 10796D (La. Bd. Tax App. 9/12/17), 2017 WL 6013412, 2017 WL 6013411 ; Alta One Inc. v. Secretary, Department of Revenue , BTA Docket Nos. 7527, 8581 (La. Bd. Tax App. 8/8/17), 2017 WL 6013169, 2017 WL 6013171 ; Huntsman Corporation v. State , BTA Docket Nos. 7528, 8582 (La. Bd. Tax App. 8/8/17), 2017 WL 6013598, 2017 WL 6013170 ; EP Energy Corporation v. Robinson , BTA Docket No. 10369D (La. Bd. Tax App. 4/11/17), 2017 WL 5559364, 2017 WL 5559370 ; Allied Waste North America, Inc., v. Secretary, Department of Revenue , BTA Docket No. 7744 (La. Bd. Tax App. 4/11/17), 2017 WL 5559366 ; Browning-Ferris Industries, Inc. v. Secretary, Department of Revenue , BTA Docket No. 7745 (La. Bd. Tax App. 4/11/17), 2017 WL 5559367 ; BFI Energy Systems of Southeastern Connecticut, Inc. v. Secretary, Department of Revenue , BTA Docket No. 7746 (La. Bd. Tax App. 4/11/17), 2017 WL 5559368 ; Brigham Exploration Company v. Louisiana Department of Revenue , BTA Docket No. 7481 (La. Bd. Tax App. 2/8/17), 2017 WL 5623143, 2017 WL 5623144 ; EnLink Midstream, Inc. v. Robinson , BTA Docket No. 10336D (La. Bd. Tax App. 2/7/17), 2017 WL 5623141 ; Bell Atlantic Mobile Systems, LLC v. Robinson , BTA Docket No. 10365D (La. Bd. Tax App. 2/7/17), 2017 WL 5623142 ; Brock Holdings III, Inc. v. Louisiana Department of Revenue , BTA Docket No. 7765 (La. Bd. Tax App. 12/7/16), 2016 WL 8538971 ; Florida East Coast Industries, Inc. v. Department of Revenue , BTA Docket No. 7711 (La. Bd. Tax App. 4/12/16), 2016 WL 8737318 ; Kayne Anderson MLP Investment Company v. Secretary, Department of Revenue , BTA Docket Nos. 7502, 7503, 7504 (La. Bd. Tax App. 6/3/15), 2015 WL 5241502, 2015 WL 5241504, 2015 WL 5241506 ; MOS Holdings, Inc. v. Secretary, Department of Revenue , BTA Docket No. 7505 (La. Bd. Tax App. 6/3/15), 2015 WL 5241507 ; IMC Global, Inc. v. Secretary, Department of Revenue , BTA Docket No. 7506 (La. Bd. Tax App. 6/3/15), 2015 WL 5241511 ; Mosaic Global Operations, Inc. v. Secretary, Department of Revenue , BTA Docket No. 7507 (La. Bd. Tax App. 6/8/15), 2015 WL 5241513 ; Atlantic Holdings II, Inc. v. Louisiana Department of Revenue , BTA Docket No. 7726 (La. Bd. Tax App. 1/1/15), 2015 WL 10529499.

See Inventrust Properties Corp. (Formerly Inland American Real Estate Trust, Inc.) v. The Department of Revenue , BTA Docket No. 10723D (La. Bd. Tax App. 3/6/18), 2018 WL 2473223 ; Dresser-Rand Group, Inc. v. Barfield , BTA Docket Nos. 7725, 8691 (La. Bd. Tax App. 9/12/17), 2017 WL 6013239 and 6013420, 2017 WL 6013240 and 6013421 ; Tau Acquisition, LLC v. Robinson , BTA Docket No. 105160 (La. Bd. Tax App. 4/11/17), 2017 WL 5559363 ; Marquette Transportation Holdings, Inc. v. Barfield , BTA Docket Nos. 7535, 7536, 7537, 7538 (La. Bd. Tax App. 2/7/17), 2017 WL 5623129 ; Gramercy Alumina Holdings II, Inc. v. Secretary, Department of Revenue , BTA Docket Nos. 7582, 7587 (La. Bd. Tax App. 1/10/17), 2017 WL 1378133, 2017 WL 1378134 ; Tortoise Energy Infrastructure Corp. v. Robinson , BTA Docket Nos. 10107D, 10108D (La. Bd. Tax App. 12/7/16), 2016 WL 8737332, 2016 WL 8737334 ; Retail Properties Of America, Inc. v. Department of Revenue , BTA Docket No. 7479 (La. Bd. Tax App. 5/12/16), 2016 WL 8737319 ; Westlake Chemical Investments Inc., v. State , BTA Docket No. 7600 (La. Bd. Tax App. 12/9/15), 2015 WL 10529520 ; Hancock Timberland VII Inc. v. Department of Revenue , BTA Docket nos. 7666, 7802, 7803, 8716, 8717 (La. Bd. Tax App. 6/8/15), 2015 WL 5241515, 2015 WL 5241225, 2015 WL 5241227, 2015 WL 5241248, 2015 WL 5241251 ; Lyondell Houston Refinery, Inc. v. Barfield , BTA Docket Nos. 7797, 7798, 7799 (La. Bd. Tax App. 6/3/15), 2015 WL 5241519, 2015 WL 5241520, 2015 WL 5241521 ; Servicemaster Holding Corporation v. State , BTA Docket No. 7762 (La. Bd. Tax App. 1/1/15), 2015 WL 10529500, at *1 ; UAEP Resources, Inc. v. Department of Revenue , BTA Docket No. 7531 (La. Bd. Tax App. 9/2/14), 2014 WL 7642242, at *1 ; KCS HOLDINGS I, Inc. v. Bridges , BTA Docket Nos. 7775, 8764, 8864 (La. Bd. Tax App. 5/4/14), 2014 WL 2929943, 2014 WL 2929945, 2014 WL 2929947 ; AEP Resources, Inc. v. State , BTA Docket No. 8854 (La. Bd. Tax App. 5/4/14), 2014 WL 2929946 ; AEP Resources, Inc. v. State , BTA Docket No. 7531 (La. Bd. Tax App. 4/4/14), 2014 WL 2930086.

See Bannister Properties, Inc. v. State c/w Southold Properties, Inc. v. State , BTA Docket Nos. 7389, 7585, 7390, 7584 (La. Bd. Tax App. 9/12/17), 2017 WL 6013418, at *6 ; Quest Diagnostic Clinical Laboratories, Inc. v. Barfield , BTA Docket No. 8633 (La. Bd. Tax App. 5/13/15), 2015 WL 5146759, at *2(citing TIN , 112 So.3d at 202 (the supreme court held that the exception written within Section 1621(F) refers to the BTA's jurisdiction pursuant to La. R.S. 47:1625, over appeals from the Department's disallowance of refund claims)); General Electric Capital Services, Inc. v. Barfield , BTA Docket No. 7337 (La. Bd. Tax. App. 6/19/13), 2013 WL 3465284, at *3 ; KCS HOLDINGS I, Inc. v. Bridges , BTA Docket Nos. 7383 c/w 7497 (La. Bd. Tax. App. 1/14/13), 2013 WL 2205962, at *2.

See Atmos Energy Holdings, Inc. v. Barfield , BTA Docket Nos. 7787, 9235 (La. Bd. Tax App. 3/6/18), 2018 WL 2473219, 2018 WL 2473217 ; Pinnacle Operating Corporation v. State , BTA Docket No. 9557D (La. Bd. Tax App. 6/13/17), 2017 WL 5558729 ; Exterran Energy Corp. v. Barfield , BTA Docket No. 8822 (La. Bd. Tax App. 5/12/16), 2016 WL 8737323.

The Department's assignments of errors nos. 1-4.